HOBSON *v.* DOE, on the Demise of HARPER· and Others.

If a suit be brought to the Supreme Court a second time on appeal or writ of error, the proceedings since the cause was remanded can only be examined.

An execution when returned is a record, and may be proved by a copy certified under the seal of the Court.

The statute of 1820, prohibiting the sale of real estate on execution for less than two-thirds of its appraised value, applies only to sales on judgments rendered after the passage of the statute.

*Semble*, that the grantee of a registered deed cannot give a certified copy of it in evidence, without accounting for the absence of the original.

A judgment-debtor cannot set up a title in a third person to defeat a purchaser under the judgment.

APPEAL from the *Scott* Circuit Court. This was an action of ejectment by the appellee for a tract of land in *Clark* county.

Wednesday, May 30.

SULLIVAN, J.—This suit was originally commenced in the *Clark* county Circuit Court, and was removed by change of venue to the Circuit Court of *Scott* county. The cause was tried in the latter Court at the *July* term, 1829, and judgment was rendered for the plaintiff below. The defendant appealed to this Court, and at the *May* term, 1830, the judgment of the

May Term, 1838.

HOBSON
v.
DOE.

Circuit Court was reversed and a *venire facias de novo* awarded. The cause was again tried in the *Scott* Circuit Court at the *September* term, 1835, and judgment was again given for the plaintiff. The defendant has again appealed to this Court.

The lessors of the plaintiff rest their claim to the land on a purchase made at a sheriff's sale. The bill of exceptions informs us, that on the 19th of *August*, 1819, one *Redman*. obtained a judgment in the *Clark* Circuit Court against *Hobson*, the plaintiff in error, for the sum of 528 dollars; that on the 14th of *February*, 1820, a *fieri facias* was issued and levied on the 50 acres of land now in controversy; that afterwards, on the 24th of *April*, 1820, a *venditioni exponas* issued commanding the sheriff to sell the land, by virtue of which he did, on the eighth of *May*, 1820, expose the same to public sale, at which the lessors of the plaintiff became the purchasers. On the trial in the Circuit Court, the plaintiff offered in evidence a certified copy of the record of the judgment in favour of *Redman* against *Hobson*, also certified copies of the *fieri facias* and *venditioni exponas* issued on said judgment, and the returns made to them, all under the seal of the *Clark* Circuit Court. To the introduction of this testimony *Hobson* objected, but the Court overruled the objection and admitted the testimony. The plaintiff also introduced the sheriff's deed for said land, made to the lessors of the plaintiff who were the purchasers at the sale. He also offered in evidence a copy of the recorded copy of a deed from *Ferguson* and wife to *Hobson* for said land, the introduction of which was objected to by the defendant below, but the Court admitted the evidence and the defendant excepted.

The errors relied on are, 1st, That the Court erred in permitting the plaintiff below to introduce as evidence *copies* of the writs of *fieri facias* and *venditioni exponas*, by which the land was levied on and sold, without accounting for the non-production of the originals; 2dly, That the sale of the land by the sheriff to the lessors of the plaintiff was illegal and wholly void, because he was not at that time authorised to sell the same, for a less price than two-thirds of its appraised value; 3dly, That the Court erred in permitting the plaintiff to introduce as evidence, the copy of a copy of the deed from *Ferguson* and wife to *Hobson*, without accounting for the absence of

the original, and without adducing proper proof of the execution of said deed.

The remaining point relied on by the plaintiff in error, relates to a supposed error committed previously to the rendition of the former judgment in the Court below. We do not notice it in this opinion, because we have restricted ourselves, in the examination of the case, to the proceedings had subsequently to the reversal of that judgment (1).

The plaintiff in error takes no exception in the argument to the opinion of the Court below, admitting a copy of the record of the judgment in favour of *Redman* against *Hobson* in evidence. His objections are to the admission of the copies of the writs and returns upon them, as evidence of the levy and sale of the land. Our statute requires the sheriff to make return of all executions that come to his hands, with his doings thereon; and it is the duty of the clerk to file them amongst the papers of the Court, that they may be preserved and used as evidence whenever needed. When filed, all the objections which apply to the removal of any other record, will apply to their removal. *Starkie*, in his Treatise on Evidence, part 2, sec. cxi, says, that if a writ be returned it is a record, and may be proved as other records are proved; that is, by an examined copy certified by the officer that has the custody of it, under the seal of the Court. If the writ be not returned, it is not a record, and in such case can only be proved by the production of the original. In the present case, the executions were duly returned, and the copies offered in evidence were properly certified. In actions of ejectment in *England*, such proof is received. In the case of *Ramsbottom* v. *Buckhurst*, 2 M. & Selw. 565, which was an action for use and occupation brought by a tenant by *elegit*, it was decided that an examined copy of the judgment roll containing the award of the *elegit*, and the return of the inquisition, was sufficient proof of the plaintiff's title; and the *elegit* itself or the inquisition was not required. On this point, therefore, the Court below committed no error.

The judgment in favour of *Redman* against *Hobson* was rendered on the 19th of *August*, 1819, and the law which forbade the sale of real estate on execution at less than two-thirds of its appraised value, was approved on the 18th of *January*,

May Term, 1838.

Hobson
v.
Doe.

1820. That law applied only to sales under judgments rendered after its passage. The first section of the act expressly restricted it to judgments thereafter to be rendered. The last proviso in the second section of the act, forbidding any sheriff or other officer to whom *any execution* should be directed, to sell real property for a less sum than two-thirds of its appraised value, is to be construed in connection with the context, and, we think, can only properly apply to any execution issued on such judgments as were embraced by the law.

In reference to the third error relied on, it may be said, that if it had been necessary for the plaintiff below to prove *Hobson's* title to the land, the testimony adduced was perhaps insufficient for that purpose. But this was unnecessary. The lessors of the plaintiff derived title from *Hobson,* and he cannot dispute their title. He cannot set up an outstanding title to defeat the purchaser under a judgment against himself; and in cases where the debtor is in possession of the land, the purchaser is not required, in ejectment against him, to prove that he had title to it. See *Jackson* dem. *Masten* v. *Bush,* 10 Johns. 223.—Adams on Eject. 247. The introduction, therefore, of the copy from the record did no injury to the defendant below, because the plaintiff's proof was sufficient without it.

Dewey, J. having been concerned as counsel was absent.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*H. P. Thornton,* for the appellant.

*S. C. Stevens,* for the appellee.

(1) Acc. *Himely* v. *Rose,* 5 Cranch, 313.—*Browder* v. *M'Arthur,* 7 Wheat. 58.—*Ex parte Sibbald* v. *The U. States,* 12 Peters, 488, 492.