## ADAMS AND KNAPP v. HORSEFIELD.

1. When a cause is reversed and remanded, the inferior court cannot re-examine an assignment of errors, on which it had previously passed, and which had been reviewed, and adjudged insufficient by the supreme court.

2. The determination of the supreme court, on errors assigned, is the law of the case, binding alike on the supreme, and inferior court.

3. It is incumbent on a party, when he assigns errors, to see that the record is in the condition in which he is entitled to have it; if he proceeds upon an imperfect transcript, and the judgment of the court is against him, he cannot, as a matter of right, claim a *certiorari* to the inferior tribunal.

4. If the circuit court, on a cause being remanded, refuse to permit additional errors to be assigned, such a refusal being discretionary, cannot be assigned for error in this court, and if no such motion is made, there is no cause shewn for issuing a manda mus to the inferior court.

Writ of Error to the Circuit Court of Mobile. Before the Hon. John Bragg.

The nature of the case sufficiently appears from the opinion of the court.

J. F. Adams, for the plaintiff in error.

The charges of the justice assumed, hypothetically, the existence of the following facts, which the testimony shows did not exist. That such charges are erroneous, vide Chir. v. Rei. 2 Pet. 625; 4 Porter, 523-4.

1. That Housefield was in peaceable possession. His entry being wrongful, gave him no possession longer than he remained, and then only a *pedis possessio*. Norton v. Saunders, 7 J. J. M. 12; Ball v. Lively, 2 Ib. 181, 185; Kerchevall v. Ambler, 7 Ib. 626; 9 Dana, 320; 2 J. Cases, 353; 7 Wend. 401.

2. That force was used by the defendants, who turned out the complainant. 1. This supposition was false; he was not turned out at all. Because he was not in possession himself, or by any tenants of his. Because the tenants were

not turned out, admitting them to be his. And, because we were not guilty of turning him out, although we had turned his tenants out. Eviction of tenants is not an eviction of the landlord. 9 Ala. 507; 7 Mon. 18: 5 Dana, 125; 2 Yeates, 229; 3 Pick. 31.

2. It was false as no force was used. The doctrine in regard to the kind, and degree of force, is ascertained from the statutes, and the decisions in relation to them in England, and those States which have adopted them here. 5 R. II, is the basis of all these statutes. It prohibits entries made " with a strong hand, and a multitude of people," and allows only such as are made "in an easy and peaceable manner." This is the only definition of force in the several English statutes. 8 H. VI, provides for the restitution of the party ousted. The statutes of Alabama and New Jersey embody the constructions of the English statutes. Vide 1 Russ. on Cr. 287-8.

Was our entry forcible, in the sense of the statutes? There is a distinction as to force, founded on the complainant's mode of entry and possession, as follows:

1. If the complainant is a mere intruder, the party having the right, may regain possession without process, by stratagem or necessary force; and is not subjected to a civil action; but may be indicted if he breaks the peace. 1 Chit. Gen. Pr. 646; Ib. 375; 2 Ib. 231-2; Hawk. 64, § 32; 3 Bl. 4, 5.

The statute of Alabama and New Jersey is an embodiment of the English constructions. Hawk. and Russ., *ut supra*. The case wants the ingredients of force. There was no violence or threats. The last charge of the justice, as to the force, viz: that the statute must govern, does not take away the errors of his constructions in the other charges.

The New Jersey statute is precisely the same as that of Alabama. 7 Halstead, 202, or 186. In Alabama there have been two decisions on the subject of force. The first conforms to the foregoing cases, (8 Por. 59;) the second seems to depart from them slighly, not materially. 9 Ala. 508.

This case is revisable on error—7 Porter, 55—refusing to grant a mandamus. Perryman's case, 6 Porter, 99—the

Adams and Knapp v. Horsefield.

circuit court, as the court here, refused to strike a paper like that of Burnes's from the file—reversed.

But the plaintiffs in error move, (in the alternative,) for a mandamus as to the circuit court, to complete the record.

J. A. CAMPBELL, for the defendant in error.

The judgment of the justice was favorable to Horsefield. Adams and Knapp obtained a *certiorari* to the circuit court, and undertook to perfect the record. The court below, upon hearing the case there, refused the same process to Adams and Knapp to complete the record. The cause was then heard in the circuit court, and reversed.

Upon that judgment Horsefield took a writ of error to the supreme court, and this court, after a full hearing, reversed the judgment of the court below, and affirmed the judgment of the justice. The decision of this court will be found in 10 Ala. 9.

After this affirmance, Adams and Knapp went down to the circuit court, and moved again to perfect the record, in the manner they had previously contended for, and upon being refused, they sue out this writ of error.

When the cause was here before, Judge Goldthwaite delivered the fullest opinion, on the supposition that the record had been amended by consent. This opinion sustained the judgment of the magistrate. The court will perceive that the plaintiffs in this court were bound to perfect their record in the court below, before the case was ever heard in that court. They cannot go to trial on an imperfect record, and then, when the judgment is reversed, ask to supply a new one. The judgment of this court annulled the judgment below, and the circuit court had no power over the case, except to send it to the magistrate for further proceedings.

The denial of the motions of the court below, was in the discharge of a plain and manifest duty, of obedience to the mandates of the supreme court.

COLLIER, C. J.—This was a proceeding under the statute for a forcible entry and detainer, at the suit of the plaintiffs in error. On the trial before the justice of the peace,

29

there was a verdict and judgment for the defendant, which was removed by *certiorari* to the circuit court, and there reversed. The defendant then prosecuted a writ of error to this court, and in June, 1846, the judgment of the circuit court was reversed, and the cause remanded, with instructions to proceed according to the opinion then pronounced. 10 Ala. 9. Upon the case being sent back, the defendants moved the circuit court that a *certiorari* issue to the successor of the justice before whom the proceedings were instituted, "to amend the record by sending up the testimony taken at the trial by the said Barnes, (the justice who tried the case,) relating to the matter of his charges to the jury, or show cause to the contrary." This motion was denied. Thereupon the defendants moved the court to receive as an amendment to the record, a transcript from the docket of Barnes, certified by his successor, which was in like manner refused. The defendants further moved, that a paper exhibited by them, purporting to contain the record made by Barnes, of the trial and testimony therein, certified by his successor, be received as an amendment to the record. This motion was also denied. Whereupon the judgment of the justice of the peace was affirmed, on the errors which had been assigned previous to the suing out of the first writ of error.

It is now assigned for error, that the judgment of the justice of the peace should have been reversed, and that the several motions of the defendants should have been allowed. If the law shall be ruled against the defendants, upon these points, they pray that a *mandamus* may be awarded to the circuit court commanding the judge thereof to allow some one, or all of these motions.

The opinion of this court was given upon the errors assigned, and was an ample warrant for the judgment of affirmance by the circuit court. It became the law of the case, and furnished a guide to all ulterior proceedings, so that it is not now allowable to look behind it, and again review questions which we have passed on and adjudicated. This rule has been so often recognized, not only here, but in all appellate tribunals, that it is needless to cite authority to support it. We may however add, that we

have carefully read the opinion referred to, and cannot discover that it is at fault in any of the conclusions attained. True, it might have amplified, and more fully illustrated some of the legal points presented, but its brevity could not excuse us for refusing to recognize it. *Further*, does it not appear from the statement of the case in the report, that this court considered the records which it was proposed to attach to the transcript, as already a part of it, by consent or otherwise, and was not the case decided upon this hypothesis?

In remanding the cause to the circuit court, this court did not intend that that court should again consider the errors assigned. We incline to think that upon the cause being sent back, the circuit court had no other duty to perform than affirm the judgment of the justice, and award a *procedendo*. But however this may be, we consider it perfectly certain, that that court could not re-examine the assignment of errors on which it had previously passed; for these had been reviewed by this court, and adjudged insufficient to authorize a judgment of reversal.

Without stopping to consider whether the refusal to award a *certiorari*, or to grant a motion to perfect a record, is revisable on error, under any circumstances, we are satisfied, that in the posture of the present case, the defendants have not been prejudiced by the denial of their motions. No matter what facts were disclosed by the records, they sought to have attached to the transcript, we have seen that the result of the cause would not have been varied.

It is incumbent upon a party, before he assigns errors, to see that the record is in the condition in which he is entitled to have it ; if he proceeds upon an imperfect transcript, and the judgment of the court is against him, he cannot then, as a matter of right, claim a *certiorari* to the inferior tribunal. In the case before us, we have seen that a change in the record would have availed nothing, as the supposed errors which the circuit court were called on to consider, had been definitely examined and decided on, here.

Conceding it was competent for the circuit court to have allowed other errors to be assigned upon the cause being remanded, yet if that court possessed such a power, its exer-

cise was discretionary, and the refusal to accord the permission would not be a ground of error. But in the present case, the plaintiff in error did not assign additional errors, or ask the leave of the court for that purpose. In no view then can the denial of the several motions of the plaintiff in error, be regarded as fatal to the judgment of the circuit court. The writ of error then, brings up the case in the same plight as when it was previously before us. It is not allowable to sue out a second writ of error, to revise the same questions as were presented on a former, but its operation must be restricted to matters subsequently arising, or which have passed *in rem judicatum.* 4 Har. & J. Rep. 440, 497; 9 Gill & J. Rep. 31; 7 Pick. Rep. 145; 7 J. J. Marsh. Rep. 330; 2 Id. 368; 4 Blackf. Rep. 489. The consequence is, that the writ of error must be dismissed.

What we have said, will also serve as an answer to the application for a *mandamus.* If it had been competent for the circuit court to have allowed the assignment of other errors than those passed on, no others were assigned; those in the transcript could not have been *aided by* the amendments proposed. A *mandamus* then, would be unavailing to affect the judgment complained of. The motion is therefore denied.