## McManus *v.* Humes.

In an appeal from a justice of the peace, the appellee, on the third day of the term, moved for an affirmance of the judgment before the justice, under the sixty-ninth rule of practice in the first judicial district,

which rule provides :  "That on filing the papers of an appeal in civil suits, by a justice of the peace, with the clerk of the court, it shall be the duty of the clerk to indorse the time of filing, and docket the same, although the appellant may fail to pay the docket fee required by law ; and should not said fee be paid or secured by noon of the second day of the term, the appellee, upon motion, shall have the judgment below affimed, with costs," which motion was sustained, and the judgment affirmed.   On the fifth day of the term, the appellant filed a motion to set aside the order of affirmance, and set down the cause for trial, which motion was supported by an affidavit, alleging that before the term of the court, the appellant was taken sick, and confined to his bed until after the commencement of the term ; that he was unable to attend to the payment or securing of said fees ; that if he had been able to attend to the business, they would have been paid before the commencement of the term ; and that he had a meritorious defence to the suit ; which motion was overruled.   At the time of the affirmance of the judgment, the attorney of the appellant was in court, and made no objection :   *Held*, That there was no error in the decision of the court.

## *Appeal from the Lee District Court.*

### THURSDAY, JUNE 10.

This action was instituted before a justice of the peace, for the recovery of rent.   Judgment was rendered against the defendant, and he appealed to the district court.   The sixty- ninth of the rules of practice in the first judicial district is, that "on filing the papers of an appeal in civil suits, by a justice of the peace, with the clerk of the court, it shall be the duty of the clerk to indorse the time of the filing and docket the same, although the appellant may fail to pay the docket fee required by law ; and should not said fee be paid, or secured, by noon of the second day of the term, the appellee, upon motion, shall have judgment below affirmed, with costs."   The appellant having failed to pay, or secure, the docket fee as required by this rule, the appellee moved for an affirmance on the third day of the term, which was granted.   On the fifth day of the term, the defendant filed his motion to set aside the order of affirmance, and to set down the cause for trial on the merits. With this motion he filed his affidavit, stating that before

Cowles v. Buckman & Son.

the term of the court he was taken sick, and was so confined to his bed, until after the commencement of the term; that he was, therefore, unable to attend to the payment or securing of said fees; that if he had been able to attend to the business, they would have been paid before the commencement of the term; and that he had a meritorious defence to the suit. This motion was overruled, and the defendant appeals, and assigns this ruling as error.

*E. C. Moss,* for the appellant.

WOODWARD, J.—We do not think the court erred in this decision. The affidavit is unsatisfactory. The defendant does not show that he was deprived of his mental faculties, so that he could not cause the business to be attended to by another person, and it appears that he had an attorney in attendance. And further, the judge has added to the bill of exceptions a statement, that the defendant's attorney was present when the judgment, or affirmance, was rendered, and made no objection thereto. The party's affidavit does not make it appear that he could not communicate with his attorney, and enable him to pay the necessary fee, or direct him to apply for an extension of time, to enable the party himself to be present. The showing is insufficient, and the judgment is affirmed.