## HORTON v. PEACOCK.

PRACTICE—APPEAL, WRIT OF ERROR. — Where a code of civil procedure allows a party to carry proceedings for review to the supreme court, either by appeal or writ of error, he must decide upon which course he will rely. After having attempted to reach the supreme court by appeal, and having failed therein by reason of not perfecting the same in filing the undertaking required by statute, it is then too late for him to resort to another remedy, and to attempt to have the proceedings of the district court reviewed by means of a writ of error or petition in error.

ERROR to the District Court for Laramie County.

This was an action brought in the district court of Laramie county to the March term, A. D. 1870, at which term a verdict was returned in favor of the plaintiff against H. B. Horton for the sum of three thousand dollars. The defendant reserved certain exceptions and gave notice of an appeal to this court. A transcript of the proceedings was certified to this court in due form, the defendant however having failed to enter into an undertaking as required by section 723 of the code of civil procedure of this territory. At

the term of this court for 1871, the counsel for the appellee moved the court to strike off the appeal, for the reason that no such undertaking had been filed; whereupon the court granted the said motion, and not only struck off the appeal but directed a procedendo to the court below directing pro- ceedings to cover the amount of the judgment, with interest and costs. Application was then made by the appellant for leave to file a petition in error, which after argument was granted, with the understanding not that this action was to be final, but to be a question for consideration at the next term of the court. The case coming on for argument at the regular term of the court, the counsel for appellee moved to strike off the appellant's assignments of error, and after argument by counsel the majority of the court sustained the motion.

*Thomas J. Street,* for plaintiff in error, cited Laws of Wyoming, title 24, Code of Civ. Pro.; 2 Am. Rep. 718; 3 Id. 339; 12 Wheat. 477; 13 Allen, 123, 128; 17 Ohio, 190; 97 Mass. 452, 458; 53 Penn. 177; 7 Pet. 453, 482, 551; 7 Wall. 321; 5 Gray, 482; 57 Barb. 491.

*E. P. Johnson and D. McLaughlin,* for defendant in error, maintained:

I. That the cause having been taken to the supreme court on appeal, it has been passed upon in that court, the dismissal of the appeal being a technical affirmance of the judgment of the court below; it cannot again be heard on the same issues involved. There are two ways to get into the supreme court, and this plaintiff in error having elected to go by appeal, cannot now be permitted to come up the other way: 1 Green. 86; Hill. on New Trials, 614, 615; 24 Cal. 52; 15 Cal. 324; 1 Ill. Digest, 25, sec. 26; Id. 26, sec. 47; Hill. on New Trials, 590. And that in a case reported in 16 Cal. 207, the question is determined in the following language: "Dismissal of an appeal in the supreme court for want of prosecution operates as an affirmance of the judgment below, within the statute relative to undertakings

on appeal, unless the order of dismissal be vacated during the term.

II. The record in this case shows that only a portion of either the evidence or instructions are given. Whereas, to enable the court to pass intelligently upon the merits of the case, all the instructions show affirmatively it is so: 3 Green, 246; 4 Id. 125, 468; Nash's Ohio Dig. 56; 1 Neb. 398; 43 Ill. 124; 46 Id. 112; 2 Barclay's Dig. 395; 2 Nev. 265; 1 Ill. Dig. 247, sec. 50; 2 Id. 196, secs. 6, 10, 22, 23; Ohio Dig. 121, sec. 13; Id. 122, sec. 44.

III. The foregoing proposition is a necessity, were it not so well sustained by authorities, from the fact that all presumptions are in favor of a judgment of courts of general jurisdiction, and he who would set them aside, must affirmatively show not only that there was error, but that he is prejudiced by reason of the occurrence; and the court for correction of errors, must have all the facts of the case before it, to enable it to see whether the error complained of is prejudicial, and unless the moving party does make a full showing, the presumptions will be against him: Nash's Ohio Pl. & Pr. 689; 6 Iowa, 553; 1 Green. 74, 157, 165; 1 Iowa, 116, 121; I Ill. Dig. 183, sec. 15; 8 Watts & Sergt. 391; 5 Id. 188; 5 Kan. 311, 425; 4 Green. 84.

By the Court, FISHER, C. J. (KINGMAN, Justice, dissenting.) 1. The appellant having availed himself of his remedy by appeal, and having neglected to perfect his appeal by filing his undertaking, as required by the statute, it is too late for him to fall back, and avail himself of the advantages of his petition in error. It is true that the appellant was deprived of his opportunity to review the proceedings in the court below, but that was owing altogether to his own want of diligence. It was optional with the defendant to seek his remedy either by an appeal or by petition in error. He chose the former remedy, which he failed to perfect, and having so failed, it is too late now to abandon the appeal, and seek his remedy by a petition in error. The judg-

ment was entered in the district court in April, 1871. The statute allows thirty days in which to perfect his appeal, by filing an undertaking as provided for, and if in that time he discovered that he could not enter the undertaking he might have prepared and presented his petition in error, and in this may have placed himself in such a position as that he could secure his proper standing in court; but we cannot conceive of the right to pursue one remedy until he failed in it, and then resort to another. This was the doctrine of the supreme court of Iowa in the case of *Davis* v. *Alexander*, 1 G. Green, 86. The court in that case held that "the case having been once determined in the supreme court it cannot be brought up again by writ of error." By a further examination of the case, we find:

2. That the former writ of error was dismissed for want of the notice required by the law; that the writ of error had been sued out. The court, for the reason that the notice had not been given dismissed the case, and awarded a procedendo to the court below to carry their judgment into effect; this, too, without going into an examination of the errors complained of in the petition in error, so that, although the case in the supreme court of Iowa differs from this case in the fact that there had been a former writ of error sued out, while in this case an appeal was the remedy sought, yet in neither case did the reviewing court examine the case on its merits.

In the case of *Brooks* v. *The Town of Jacksonville*, 1 Scam. 568, the court say: "Where the appeal is dismissed the court will not permit the transcript of the record to be withdrawn for the purpose of bringing a writ of error." Again, the courts have held that the dismissal of an appeal by the supreme courts amounts to an affirmance of the judgment of the court below. This was held by the supreme court of Illinois in the case of *McConnell* v. *Swails;* also in *Sutherland* v. *Phelps*, where the court held (2 Scam. 571), that "the dismissal of an appeal a *certiorari* is equivalent to a regular technical affirmance of the judgment of the court

below, so as to entitle a party to claim a forfeiture of the bond, and have his action therefor."

In the case at bar there was no bond, consequently there could not be judgment taken against the sureties on their undertaking, but we apprehend that the principle will apply to the appellant in the case, and permit the appellee to have his execution. This same principle is recognized as the settled policy of the law in Hilliard on New Trials, p. 596, 597, 614, 615, the author citing: *McManus* v. *Humes*, 6 Iowa 159; *Brill* v. *Meek*, 20 Miss. 358; *Hobson* v. *Doe*, 4 Blackf. 487.

We, therefore, are clearly of the opinion that the defendant in this case, having attempted to avail himself of the benefit of an appeal, and having neglected to enter into the undertaking, as required by the statute, and having had his appeal stricken off by this court, the judgment in the court below became absolute even without the *procedendo*; that it is too late now for him to apply to us by petition in error.

The motion is granted and the case dismissed.