MOSHER *v.* THE BOARD OF COUNTY COMMISSIONERS OF
UINTA COUNTY.

JUDGMENT.—Section 394, of the Civil Code, provides that "All judg-
ments and orders must be entered on the journal of the court, and
specify clearly the relief granted or order made in the action."
Where the record shows what purports to be a judgment for costs
only, but in which the amount of such costs is left blank, the judg-
ment not being exact as to the costs, will be reversed, and the case
remanded for a new trial.

ERROR to the District Court of Uinta County.

The facts are stated in the opinion.

*W. W. Corlett*, for plaintiff in error.

The court erred in undertaking to render a final judg-
ment on the merits upon the defendant's motion for a dis-
missal. Freeman on Judgments, secs. 261, 262; *Homer* v.
*Brown*, 16 How., 354; *Bridge* v. *Sumner*, 1 Pick., 371;
*Morgan* v. *Bliss*, 2 Mass., 113; *Derby* v. *Jacques*, 1 Clifford,
425; *Knox* v. *Waldoborough*, 5 Me., 185; *Howes* v. *Austin*,
35 Ills., 396; *Hollard* v. *Hatch*, 15 Ohio, sec. 464.

The plaintiff has a right to take a non-suit or dismissal
without prejudice at any time before verdict. Common
Laws of Wyo., page 82, secs. 379, 380; *Graham* v. *Tate*, 77
N. C., 120, Ibid, 126; *Harris* v. *Beam*, 46 Iowa, 118; *Dun-
ning* v. *Galloway*, 47 Ind., 182.

" The submission of a cause for trial by the court with-
out the intervention of a jury, does not deprive the plain-
tiff of his right to a non-suit, and care should be taken to
so conduct the trial as to afford him the same opportunity
of exercising that right as if a jury had been sworn."
*Hall* v. *Schuchard*, 37 Md., 15; Common Laws of Wyo.,
page 82, secs. 379, 380.

The judgment in this case, or what purports to be the

judgment, is wholly insufficient because it is merely a finding by the court, and really no judgment at all, and for the further reason that no amount is expressed as the sum to be recovered. Freeman on Judgments, sec. 49; *Lind* v. *Adams*, 10 Iowa, 398; Freeman on Judgments, 50, 51 and 52; Common Laws of Wyo., page 70, secs. 279, 280.

*H. Garbanati*, for defendant in error.

A judgment to be good must be capable of enforcement. The purported judgment in this case being for costs, without specifying the amount, is not capable of being enforced, and therefore is not a subject for revision, reversal or affirmance. Freeman on Judgments, sec. 46; *Whitaker* v. *Branson*, 2 Paine's C. C. Reports, 209; *Holt* v. *Wood*, 23 Texas, 474; *Martin* v. *Wade*, 22 Texas, 224; *Tompkins* v. *Hyatt*, 19 N. Y., 534.

SENER, C. J. This case comes here on a writ of error from Uinta county, and was heard by the court at its last term on the motion of the defendant in error to dismiss, and upon the merits.

The facts are these: In 1876 the plaintiff in error paid the defendant in error $279.31 as a tax on railroad ties which he supposed he owned, and which the defendants in error claimed that he did own and should pay a tax on, and this was really the issue below; but which the plaintiff in error claims really belonged to other parties, and this the defendants in error put in issue by their general denial below, the case coming to the district court of Uinta county on an appeal from the board of county commissioners of that county, where new pleadings were filed. The case was tried by the court, and the final judgment rendered, and from which the plaintiff in error seeks to be relieved is as follows:

"The court having heard all the evidence offered, is of opinion that the conclusions of law are with the defendant. The court therefore finds for the defendants, and

that the defendants recover their costs taxed at $ `  from and of the plaintiff."

There are several errors assigned, and the motion to dismiss, and the disposal of the case on its merits will be treated together.

Both parties claim in their briefs, that the judgment does not satisfy the Wyoming statutes; the defendants in error strangely claiming that it is not sufficient to support proceedings in error, and yet that it should stand below as a final determination between the parties, for such would be the result of granting their motion to dismiss the proceedings in error.

If it is a judgment for any purpose, in our opinion it must be so for all purposes. That it cannot be a judgment for any purpose it is only necessary, in our opinion, to quote the Compiled Laws of Wyoming, page 84, sec. 394, which declares in these words, "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted, or order made in the action." And again on page 88 of the Compiled Laws 1876, sec. 429, the last clause in describing for what an execution may issue says, "the exact amount of the debt, damages and costs for which the judgment is entered shall be endorsed on the execution." Surely words less capable of being misunderstood could not be used. There is no debt nor damages in this case; there are costs adjudged which are left blank. If the judgment was final and unappealed, and the omission one that was merely clerical, possibly a motion with notice to the adverse party under another section of the laws might lie for its correction and to make it exact as to costs, but here we are to deal with the record as we find it, and doing this we find a judgment for costs in blank; and so not only are the costs not exact, but there are no costs; and so we conclude that this purported judgment, not being exact as to the costs, the only thing for which it is a judgment must be reversed, and this case remanded to the district court for Uinta county for a new trial to be had therein, the plaintiff in error to have his costs in both courts.

Judgment reversed.