## IVEN v. JESSUP.
### (No. 663.)

APPEAL AND ERROR—FAILURE OF PLAINTIFF IN ERROR TO FILE REQUIRED APPLICATION FOR ORDER FOR TRANSMISSION OF RECORD—DISMISSAL.

A plaintiff in error being required by statute to file with his petition in error an application for an order directing the transmission of such original papers and a duly authenticated transcript of all such journal entries, or other entries of record as he may desire, and as may be necessary to exhibit the errors complained of, it is necessary to give the supreme court jurisdiction of the subject matter for the review of the errors complained of for the plaintiff in error to file the application so required to bring up the record; and though a failure to file such application at the time the petition in error is filed would not be fatal to the proceeding, if it be filed within the time allowed by law for commencing the proceeding in error, it should be filed within the time allowed for commencing the proceeding, and where that has not been done a motion to dismiss on that ground must be sustained. But where the necessary application for the record has been duly filed, the absence of the record without the fault of plaintiff in error will not be ground for dismissal; in such case further orders can be made as may be proper and necessary for the production of the record.

[Decided March 15, 1912.]            (121 Pac., 1001.)

Error to the District Court, Carbon County.

Heard on motion to dismiss.

*N. R. Greenfield,* for plaintiff in error.

*McMicken & Blydenburgh,* for defendant in error.

Potter, Justice.

The petition in error in this case was filed January 21, 1911, and sought the reversal of a judgment of the district court in Carbon County rendered November 23, 1910, The case came on regularly for hearing in this court on February 26, 1912, and thereupon a motion of the defendant in error filed on that day to dismiss the proceeding in error was presented and heard, and dismissal was ordered upon such motion; the conclusion of the court being stated orally with the understanding that the written opinion would be subsequently filed. The motion was made upon the ground that there is nothing in this court to show any judgment or any errors of the court below, no record or transcript thereof having been filed, nor any application by the plaintiff in error for an order directing the clerk of the district court to transmit such record or original papers.

The statute provides that the plaintiff in error shall file with his petition in error an application for an order directing the clerk of the district court or other tribunal from which the appeal is taken to transmit to the supreme court all such original papers in the case in which the appeal is taken and a duly authenticated transcript of all such journal entries, or other entries of record as he may desire and as may be necessary to exhibit the errors complained of; and upon the filing of such application it shall be the duty of the clerk of the supreme court to forthwith issue said order, under the seal of said supreme court. (Comp. Stat. 1910, sec. 5114.) The same section provides for serving said order for the record upon the clerk of the district court or other tribunal from which the appeal is taken, and requires the said clerk upon the receipt of such order to forthwith

deliver the papers and transcript called for by the order to the clerk of the supreme court, taking his receipt therefor; and it is declared that "such original papers and authenticated transcript shall be and become a part of the record in the case in the supreme court, and upon the conclusion of said case in the supreme court said papers shall be returned with the mandate of the supreme court to the court or tribunal from which the appeal was taken." Section 5122 provides that no proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment, or the making of the final order complained of; but upon a sufficient showing being made the party desiring to institute the proceeding may be granted by the court rendering the judgment a reasonable extension of time not exceeding eighteen months within which to institute the proceeding.

In Conradt v. Lepper, 13 Wyo. 99, it was held that a proceeding in error commenced within one year from the order overruling a motion for new trial seasonably filed is commenced in time to authorize the review of alleged errors properly involved in a determination of such motion. There is no showing in this case that would bring it within the provision for an extension of time or the rule announced in Conradt v. Lepper. At the time the motion was made and heard, therefore, the time for commencing the proceeding in error had expired, and it appears that the plaintiff in error did not file with his petition in error or at any other time an application for an order for the original papers or record entries as required by section 5114.

In Caldwell v. State, 12 Wyo. 206, it was held that where there has been no appearance by the proper parties, nor a waiver of summons in error, a proceeding in error is not commenced in this court, within the meaning of the statute limiting the time for bringing such a proceeding, unless summons in error is issued and served as required by law. In Lobell v. Stock Oil Co., 115 Pac. 69, a motion to dismiss was granted where it appeared that no precipae for sum-

mons in error had been filed by the plaintiff in error and no summons had been issued within the time allowed for the commencement of the proceedings in error, and there had been no waiver of the issuance or service of summons in error.

In Lannier v. Haase & Finn, and two other cases, 1 Wyo. 25, a motion in each case to dismiss was granted on the ground that the appeal had not been perfected by duly filing in the supreme court the transcript of the proceedings in the court below. The opinion does not state the form of the proceeding for review. But at that time the statute required as to proceedings upon petition in error that the plaintiff file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified. (Laws 1869, Ch. 75, sec. 580.) Where a review was sought by appeal the appellant was required to serve written notice of the appeal upon the adverse party and also upon the clerk of the trial court; and it was made the duty of the clerk upon receiving such notice and the payment of the legal fees therefor to forthwith transmit to the supreme court a transcript of the record in the cause, or so much thereof as the appellant should direct, to which transcript the clerk was required to append the notice of appeal and the written directions of the appellant for the transcript. (Laws 1869, Ch. 75, secs. 709, 710.) And a party appealing from a decree in chancery was required to file in the office of the clerk of the trial court a written notice of appeal and to file within six months from and after the date thereof with the clerk of the supreme court a certified transcript of the proceedings had in the cause in the district court. (Laws 1869, Ch. 75, secs. 793, 796.) A rule of the supreme court of the Territory provided that no case would be heard until the appellant or the plaintiff in error had delivered to the clerk fourteen printed copies of an abstract of so much of the record as is necessary for a full understanding of the questions presented to the court for decision, and required said copies to be de-

livered to the clerk by the plaintiff in a writ of error within thirty days from the issuance of the writ, and by the appellant within seven months after filing the appeal; and where the plaintiff in error had failed to file such abstract of the record within the time prescribed by the rule, the writ of error was dismissed and the cause stricken from the docket. (Trabing v. Meyer, 3 Wyo. 133; Collins v. Johnson, Id.)

It is apparent that the statute requires something more than the filing merely of a petition in error to give this court jurisdiction of the subject matter for the review of errors complained of, and that it is necessary for the plaintiff in error in addition to filing the petition in error to do that which the statute requires of him to bring the record into this court. He is required to file with his petition in error an application for an order directing the transmission of such original papers and a duly authenticated transcript of all such journal entries or other entries of record as he may desire and as may be necessary to exhibit the errors complained of. While we do not hold or think that a failure to file such application at the time the petition in error is filed would be fatal to the proceeding if the application is subsequently filed within the time allowed by law for instituting the same, we are of the opinion that it should be filed within the time limited for commencing the proceeding. That was not done in this case. The record of the judgment is not here, nor any other part of the record, and the time has expired for commencing the proceeding in error. For these reasons the motion to dismiss must be sustained. It is perhaps unnecessary to say that where the plaintiff has duly filed the necessary application, the absence of the record in this court without any fault on his part would not be ground for dismissal, but further orders could be made as might be proper and necessary for the production of the record.

BEARD, C. J., and SCOTT, J., concur.