## MEADOWS v. ROBERTS, AS EXECUTOR.
### (No. 702.)

APPEAL AND ERROR—PARTIES—SUBSTITUTION—BILL OF EXCEPTIONS—
TIME FOR PRESENTATION—STRIKING FROM FILES.

1. Where the defendant in error has died since the filing of the petition in error, the duly appointed, qualified and acting executor of his estate may be substituted as defendant in error upon motion.

2. While the statute respecting a bill of exceptions is to be liberally construed to the end that the bill, which the trial judge has deemed proper to be signed, may be sustained if possible, rather than defeated, the court cannot go so far as to disregard the plain provisions of the statute, and sustain a bill clearly not presented for allowance in time.

3. Time was given to reduce exceptions to writing and present them for allowance until and including the first day of the next regular term, as permitted by statute; a bill was presented for allowance on the first day of said next regular term, it appearing by the certificate of the judge thereto as follows: that the bill was not then complete, in that it did not contain the transcript of the testimony given upon the trial; that permission was then given to withdraw the bill and complete the same; that the facts respecting the completion of the bill were correctly stated in the affidavit of the court reporter appearing in the record; that the bill was several months afterwards and during a later term completed and presented to the judge; that a written objection to the allowance of the bill was thereupon filed supported by said reporter's affidavit. The objection was overruled and the bill as finally presented, containing a transcript of the evidence, was allowed and signed by the judge. The affidavit of the court reporter, referred to in the judge's certificate, stated substantially that the party presenting the bill had notified said reporter a few days after the trial that a transcript of the evidence was desired, but that said party did not have the money to pay therefor; that thereafter and immediately prior to the opening of the second term of court following the trial, one of the attorneys for said party informed the reporter that a transcript of the evidence was desired, and subsequently ordered such transcript; that pursuant thereto the evidence was then transcribed; and that had such transcript been ordered in

time for that purpose the transcript would have been fur-
nished prior to the time originally fixed for the presentation
of the bill. *Held,* that, since a writing not containing the
facts, or so much of the evidence as is necessary to ex-
plain the exception, is not such a bill of exceptions as the
statute requires to be presented within the time allowed,
the bill was not presented for allowance within the time
allowed by law and fixed by the court, and that a motion
to strike the bill from the record should be granted.

[Decided December 9, 1912.]                (128 Pac. 624.)

ERROR to the District Court, Crook County; HON. CAR-
ROLL H. PARMELEE, Judge.

The action was brought in the District Court by Andrew
J. Parker against Ada Meadows, and from the judgment
rendered in the cause the defendant brought error. Heard
on motion for substitution as defendant in error of the
executor of the will of Andrew J. Parker, deceased, and
on motion of the substituted defendant in error to strike
the bill of exceptions from the files. The material facts are
stated in the opinion.

*Enterline & LaFleiche* and *Nichols & Nettlehorst,* for de-
fendant in error, in support of the motion to strike the bill
of exceptions.

It appears from the affidavit of the court reporter that
none of the exceptions taken upon the trial or the evidence
were reduced to writing until after the November, 1911,
term of the court, and more than six months after the time
fixed by the original order for the presentation of the bill.
It further appears that the reporter was not directed to fur-
nish said transcript of the exceptions and evidence until a
few days prior to said November term, and that had a
transcript been ordered in proper time it would have been
furnished so that the bill could have been completed and
presented within the time originally allowed. Inability on
the part of the exceptant to pay for a transcript within the
time fixed for the presentation of the bill of exceptions is not
a legal excuse for presenting a bill not containing the evi-

dence. Where the procedure for an appeal or the taking of a cause to an appellate court on error is fixed by statute, it must be substantially complied with. The bill presented within the time allowed was not a bill, since it did not contain any part of the evidence explaining the exceptions. The facts do not bring the case within the principle decided in Harden v. Card, 14 Wyo. 479, and hence the court was without authority to permit the withdrawal of the bill for completion by inserting therein the entire transcript of the evidence, which had not been ordered within the time allowed for presenting the bill. No legal excuse is shown for the delay in completing the bill.

*Metz & Sackett,* for plaintiff in error, *contra.*

When a bill of exceptions is presented, it is the duty of the court or judge to correct it, or suggest the necessary correction. In this case the court suggested the withdrawal of the bill for completion, and it was finally completed as soon as it could be done by the reporter, and then presented to the court for signature, when it was formally allowed, and the objections to allowance overruled. No time is fixed by statute for signing a bill after it is presented, but the time for allowance is largely within the discretion of the court or judge. It is entirely proper to permit a party to withdraw a bill for making the proper corrections. (Harden v. Card, 14 Wyo. 495, 496.) The power of a court or judge to settle a bill of exceptions includes the power to change, reduce, add to, or correct a bill which has been presented. Such power is necessarily discretionary. The purpose of a bill of exceptions in the lower court is to put into the record for the inspection of the court all the evidence, testimony and matters which appeared in the court below, to the end that the case on appeal may be heard upon the facts and the law applicable thereto. The order of the court in this case permitting the withdrawal of the bill and its correction by inserting the transcript of the evidence was clearly proper and is sustained by the decision in Harden v. Card, supra.

BEARD, CHIEF JUSTICE.

This case was submitted to this court upon two motions. One by C. M. Roberts, executor, to be substituted as defendant in error; and the other by the defendant in error to strike the bill of exceptions from the files.

It appears that since the filing of the petition in error the defendant in error, Andrew J. Parker, died, and that C. M. Roberts has been duly appointed, and is now the duly qualified and acting executor of the will of Parker, deceased. The motion to substitute is not resisted; and it appearing to be a proper case for substitution, the motion will be granted.

The motion to strike the bill of exceptions from the record is based on the ground that it was not presented for allowance within the time allowed by law and fixed by the court. The motion for a new trial was denied November 25, 1910, and at that time the defendant below, Ada Meadows, plaintiff in error, was given until and including the first day of the next regular term of the court in which to present for allowance her bill of exceptions. The next regular term of the court commenced on the third Monday in May following, being May 15, 1911. It appears by the certificate of the judge of the District Court that on May 15, 1911, the bill was presented to him for allowance; "that at that time the said bill of exceptions was not complete in that the same did not contain the transcript of the testimony given upon the trial of said cause; that permission was at that time given to the attorneys of the defendant to withdraw said bill of exceptions and to complete the same; that the facts in regard to said completion are correctly set forth in the affidavit of Charles L. Carter, Official Court Reporter, which said affidavit appears in this record; that the said bill of exceptions was afterwards completed and presented to me on the 5th day of January, 1912; that upon the 8th day of January, 1912, the plaintiff, by Enterline & LaFleiche, his attorneys, filed their written objection to the allowance of said bill of exceptions, supported by the affidavit of Charles L. Carter,

above referred to." The matter was argued and taken under advisement by the court, and on May 3, 1912, the objection to the allowance of the bill was overruled and the bill as presented on January 5, 1912, containing the transcript of the evidence, was allowed and signed by the judge. The affidavit of Mr. Carter states: "That said trial commenced on the 25th day of May, A. D. 1910, and was concluded on the 26th day of May, A. D. 1910. That a few days after the trial of said cause and during the May, A. D. 1910, term of said court then being held in Crook County, Wyoming, counsel for the defendant, Ada Meadows, stated to affiant that a transcript of the evidence in said case was desired, but that the defendant did not have the money with which to pay therefor; that thereafter, to-wit: on or about just prior to the opening of the November, A. D. 1911, term of the above entitled court in and for the County of Crook, Wyoming, W. S. Metz, one of the attorneys for the defendant, informed me at Sheridan, Wyoming, that the defendant wanted and would pay for a transcript of said evidence and thereafter and on or about the 17th day of November, 1911, C. L. Sackett, one of defendant's attorneys, ordered a transcript of this evidence in said case, and pursuant thereto I transcribed the said evidence into typewriting as appears from the transcript thereof marked Exhibit 'O,' and numbered from page 1 to page 243, inclusive." * * * * "Affiant further says that had the defendant ordered or directed him to reduce said exceptions to writing or transcribe said evidence into typewriting, he would have duly furnished the same to the defendant upon being paid therefor, within the time fixed by the order of this court for the settling and allowance of her bill of exceptions, and was ready, able and willing so to do at all times within said period, and the fact that the said exceptions were not reduced to writing, or the said evidence transcribed into typewriting and furnished and delivered by me to the said defendant or her attorneys within the time fixed and allowed by the order of the court is not due to

any fault, negligence, delay or inability on my part." We have set out at length so much of the certificate of the trial judge to the bill, and the affidavit of the reporter as are material to a determination of the question presented by the motion.

The statutes governing the preparation and presentation of bills of exceptions are as follows: (Sec. 4595, Comp. Stat. 1910): "The party objecting to the decision must except at the time the decision is made; and time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term." Sec. 4596, id.: "No particular form of exception is required, and the exception must be stated, with the facts, or so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible." Sec. 4598, id.: "When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, or the exception is to the opinion of the court on a motion to direct a non-suit, to arrest the testimony from the jury, or, for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury was waived, the findings of the court, is against the law or the evidence, the party excepting must reduce his exception to writing and present it to the court, or to the judge thereof in vacation, within the time given for allowance. If true, it shall be the duty of the court, if presented in open court, or the judge of the court before whom the cause was tried, if presented in vacation, to allow and sign it, whereupon it shall be filed with the pleadings as a part of the record, but not spread at large upon the journal. If the writing is not true the court or judge shall correct it, or suggest the correction to be made, and it shall then be signed as aforesaid." A writing which does not contain the exception taken at the time the decision is made, with the facts, or so much of the evidence as is necessary to explain the exception, is not such a bill as the statute requires to be presented within the time allowed, and is no bill. In this case the writing purporting to be a bill of exception which

was presented to the judge May 15, 1911, did not contain the transcript of the Reporter's notes containing these essentials, nor were they otherwise stated therein. It was not until January 5, 1912, long after the time allowed by law for the presentation of a bill, that a bill containing these essentials was presented to the trial judge. Counsel for plaintiff in error contend that the decision in Harden v. Card, 14 Wyo. 479, 491, 85 Pac. 246, 249, is applicable and should govern in this case. But the facts of the cases are not alike. In the Harden v. Card case the Official Reporter who had reported the case had died, and a transcript of his notes, made by another, of more than one-half of the evidence was contained in the bill as first presented. The court (p. 491) said: "It may be conceded that it is the duty of a party desiring to preserve his exceptions to prepare and present a bill fairly and fully setting forth the facts upon which the rulings of the court excepted to were made; and that the draft so presented should state all the evidence, as he understood it, upon which the verdict or findings were based, where the exception is to the overruling of a motion for a new trial on the ground that the verdict or findings are not supported by the evidence; and we think such a duty does rest upon the exceptant." And on page 494 of 14 Wyo., on page 250 of 85 Pac.: "The argument of counsel for defendant in error, in support of the motion, proceeds upon the theory that, when the bill was presented on the last day of the period allowed, it confessedly contained a mere fragment of the material evidence, and not all that counsel presenting it understood it should contain, or that was intended to be embodied in it. We are of the opinion, however, that we are not at liberty to give that construction to the recitals of the bill." And again, on page 495 of 14 Wyo., on page 250 of 85 Pac.: "Assuming, however, that the court or judge found on examination that, nearly one-half of the evidence had been entirely omitted from the bill, it does not necessarily follow that the party presenting it had wilfully or knowingly omitted material evidence or facts

which he deemed essential to explain his exceptions." The purported bill in the present case when first presented did not contain any part of the evidence or any facts to explain the exceptions; and, as we have already stated, it was no bill, and there was, therefore, nothing upon which to base a correction. Its presentation in that condition and a request for leave to subsequently insert therein the transcript of the Reporter's notes, which had not then been made, amounted to no more than a request for additional time to prepare and present a bill, which by the express terms of the statute the court could not extend beyond the first day of the next succeeding term of the court. The failure to procure the transcript in time to be included in the bill when first presented, seems to have been because the plaintiff in error did not furnish the money necessary to procure the same. While the rule is that the statute is to be liberally construed "to the end that the bill, which the trial judge has deemed proper to be signed, may be sustained, if possible, rather than defeated," the court cannot go so far as to disregard the plain provisions of the statute and sustain a bill clearly not presented in time. Our conclusion is, that the bill of exceptions in this case was not presented for allowance within the time allowed by law and fixed by the court, and that the motion of defendant in error to strike the bill should be granted and the bill stricken from the record; and it is so ordered.                    *Motion granted.*

SCOTT and POTTER, JJ., concur.