## REINTSMA v. STANDARD OIL CO. OF INDIANA*
(No. 1411; January 31, 1928; 263 Pac. 619)

APPEAL AND ERROR—JURISDICTION—DISMISSAL.

1.   Under Comp. St. 1920, § 4328, as amended by Laws 1925,
c. 124, § 2, providing that petition in error, bill of excep-
tions, and record on appeal must be filed within 30 days
from date of decision unless time be extended by court's
order, where plaintiff did not file petition in error, bill of
exceptions or transcript of journal entries, and the orig-
inal papers within 60 days limited by trial court, Supreme
Court *held* without jurisdiction of proceedings in error.

*See Headnote:   (1) Workmen's Compensation Acts—C. J. p.
128 n. 25 New.

ERROR to District Court, Natrona County; CYRUS O.
BROWN, Judge.

Proceeding under the Workmen's Compensation Act by
Otto Reintsma, employee, opposed by the Standard Oil
Company of Indiana, employer.   Order for employer, and
employee brings error.   Heard on motion to dismiss.

*Hagens & Murane,* for the motion.

The workman was allowed the full period of sixty days
from the date of the order to file his petition in error; this
was not complied with and the proceedings should be dis-
missed, 2 Cyc. 1052.   The provisions of Sec. 4604 are man-
datory, Todd v. Peterson, 13 Wyo. 513; Boswell v. Bliler,
9 Wyo. 277; Casteel v. State, 9 Wyo. 267; Ryan v. Snyder,
27 Wyo. 512; Lobell v. Co., 19 Wyo. 170.   The transcript
of journal entries was filed out of time and no bill of ex-
ceptions was ever filed; the motion should be sustained and
the petition in error dismissed.

*I. G. McCann,* for plaintiff in error, filed no brief.

RINER, Justice.

On February 18, 1926, a final order, under the Work-
men's Compensation Statutes of this state, was entered by
the District Court of Natrona County in favor of the de-

fendant in error, Standard Oil Company of Indiana. On August 23, 1926, plaintiff in error filed his petition in error herein to secure a review of that order. The transcript of journal entries and the original papers in the cause were filed in this court on September 9, 1926; the bill of exceptions seems not to have reached here until October 21, 1927. On October 6, 1926, a motion to dismiss the proceedings in error was filed and that is the matter now before us for disposition. The parties, being arranged here as in the court below, will be hereinafter mentioned as "plaintiff" and "defendant."

Defendant has filed a brief in support of the motion to dismiss, but plaintiff has presented none in resistance thereof.

Section 4328, W. C. S. 1920, as amended by chapter 124, Session Laws of Wyoming 1925, page 126, provides:

"Any order given and made in any investigation or hearing by a Court or Judge pursuant to the provisions of this Chapter shall be reviewable by the State Supreme Court on proceedings in error in the manner prescribed by the code of civil procedure; provided, however, that the petition in error, bill of exceptions and record on appeal must be filed in the Supreme Court within thirty (30) days from the date of decision or order on motion for new trial by a Court or Judge, unless the time be extended by order of Court or Judge."

In the order of February 18, 1926, review of which is sought, it was provided "that the workman has the full period of sixty (60) days from the date hereof in which to file his petition in error, bill of exceptions and record on appeal in the Supreme Court." On the several dates of February 23rd, March 20th and April 10th, 1926, orders were entered by the District Court undertaking to extend plaintiff's time within which to file a motion for a new trial, the order under the date last given allowing thirty days from April 23, 1926. On May 25, 1926, two days after the lapse of the time fixed by the order last mentioned, an-

other order was entered by the trial court fixing for plaintiff a "thirty days extension of time from and after May 25th, A. D. 1926, in which to file his motion for a new trial."

On June 23, 1926, the motion for a new trial appears to have been filed and on the same day overruled. Exception was duly saved to this order, wherein it was provided that plaintiff "have the full period of sixty days from the date hereof in which to file his petition in error, bill of exceptions and record on appeal in the Supreme Court." It has already been pointed out that the petition in error, the bill of exceptions and "record on appeal" were not filed until August 23, 1926, and thereafter. From the resume of the proceedings in the cause as thus given, it is apparent that the proceedings in error were not filed within the time fixed by the court's order, whether the controlling order be taken as the one entered February 18, 1926, or the one made June 23, 1926. The statute above quoted gave the court power to fix the filing limit. That limit having lapsed without proceedings being instituted in this court as the order required, we are without jurisdiction to entertain them.

In Daley v. Anderson, 7 Wyo. 1, 48 Pac. 839, this court quoted from Elliott's Procedure, 111, as follows:

"The time within which an appeal must be taken is fixed by law, and the appeal must be taken within the time designated. The provision which limits the time is jurisdictional in its nature. The time can not be enlarged by the court nor by the agreement of the parties."

See also Iven v. Jessup, 20 Wyo. 90, 121 Pac. 1001; Lobell v. Stock Oil Company, 19 Wyo. 170, 115 Pac. 69.

In view of what has been said, it is unnecessary to consider the effect of the various orders extending time to file the motion for a new trial or the court's power to make them. The motion to dismiss will have to be granted and the proceedings in error dismissed.

*Dismissed.*

Blume, C. J., and Kimball, J., concur.