## JONES v. PARKER

(No. 1492; February 18, 1928; 264 Pac. 97)

*George H. Paul,* for plaintiff in error.

*M. C. Burke,* for defendant in error.

PER CURIAM.

This case is here on error, and the defendant in error has filed a motion to strike the bill of exceptions and dismiss the proceeding.

We are asked to strike the bill because it was not prepared and presented to the trial court in time. The motion for a new trial was overruled June 18, 1927. The plaintiff in error had by statute 60 days from and after that date within which to prepare and present her bill of exceptions.

On July 29 an order was made which purported to extend the time "to and including the first day of the regular November, 1927, term." The first day of that term was November 14. The bill was presented and allowed November 7, more than 140 days after the overruling of the motion for a new trial.

The statute (Sec. 5864, Wyo. C. S. 1920), after declaring that the party shall have 60 days within which to reduce to writing and present his exceptions to the court or judge for allowance, provides that:

"If within said sixty days the party excepting shall make it satisfactorily to appear to the court or judge authorized to allow the bill of exceptions that the party will be unavoidably prevented from presenting the bill within said time, the court or judge by written order may extend said time, but not to exceed sixty additional days."

This statute needs no construction on the point now being considered. The court or judge has exhausted his power when he extends the time 60 days in addition to the 60 days allowed by the statute. The previous statute on the subject (Sec. 4595, C. S. 1910) provided that "time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term." Under that law it was always held that the time could not be extended beyond the statutory limit. Smith Drug Co. v. Casper Drug Co., 5 Wyo. 510, 40 Pac. 979, 42 Pac. 213; Riffle v. Coal Mining Co., 20 Wyo. 442, 452, 124 Pac. 508; Meadows v. Roberts, 21 Wyo. 43, 128 Pac. 624. The reasons for limiting the time were noticed and the provision pronounced salutary in Roy v. Union Merc. Co., 3 Wyo. 417, 422, 26 Pac. 996.

Under the present law it is no less plain that the total time cannot exceed 120 days, and it has always been so understood. See: Gilpatrick v. Perry, 26 Wyo. 538, 543, 188 Pac. 442; Chatterton v. Bonelli, 27 Wyo. 301, 196 Pac. 316; Fried v. Guiberson, 30 Wyo. 150, 165, 217 Pac. 1078.

The motion to strike the bill of exceptions must be sustained.

The petition in error contains only one assignment of error, viz: that the court erred in overruling the plaintiff's motion for a new trial. That, of course, cannot be considered in the absence of a bill of exceptions containing the motion for a new trial. The motion to dismiss, therefore, must also be sustained.

Since the submission of the defendant in error's motions, the plaintiff in error has filed a motion for leave to withdraw the record for the purpose of numbering the pages. Obviously, it would be useless to hear or grant that motion.

*Dismissed.*