IN THE MATTER OF THE CLAIM OF SPIRO KRIVO-
KAPICH, AN EMPLOYEE OF THE OWL CREEK
COAL COMPANY MADE UNDER "WORKMEN'S
COMPENSATION LAW", OWL CREEK COAL
COMPANY v. KRIVOKAPICH; KRIVOKAPICH v.
OWL CREEK COAL COMPANY.

(Nos. 1594 and 1595; Oct. 22nd, 1929; 281 Pac. 195)

In case No. 1594, *W. O. Wilson*, Attorney General, appeared for the respondent in oral argument; *C. W. Axtell*, of Thermopolis, Wyoming, and *W. C. O'Leary*, of Cheyenne, Wyoming, appeared orally for the appellant.

Case No. 1595 was submitted for the appellant on the brief of *C. R. Ingle*, of Thermopolis, Wyoming; *W. O. Wilson*, Attorney General, appearing for oral argument. *C. W. Axtell*, of Thermopolis, and *W. C. O'Leary*, of Cheyenne, appeared orally for the respondent.

*Per Curiam.*

Both the workman and employer have attempted to appeal from an order of award entered in the District Court April 5, 1929, in a case under the Workmen's Com-

pensation Act. Both appellants rely upon one record, which was filed in this court August 19, 1929. The act provides that orders of the District Court or judge shall be reviewable by this court, "provided, however, that the petition in error, bill of exceptions and record on appeal must be filed in the Supreme Court within thirty days from the date of decision or order on motion for new trial by a court or judge, unless the time be extended by order of court or judge, * * *." Section 4328, Wyo. C. S. 1920, amended, Sec. 2, Ch. 124, Laws 1925. Unless an appeal in such cases be perfected by filing the record in this court within the time as limited by the statute, or as extended by order of the court or judge, this court has no jurisdiction of the case on appeal. Reintsma v. Standard Oil Co., 37 Wyo. 471, 263 Pac. 619. The record contains several orders extending time. The last of them, entered June 25, 1929, ordered that the time of each of the parties "for filing a transcript of evidence and record on appeal" be extended to August 1, 1929. That order may have had the effect merely to extend the time for filing the transcript of evidence and record on appeal in the District Court. A party delayed in perfecting his appeal from an order in a case of this kind should obtain an order extending the time for filing the record in the Supreme Court. If we assume that the order of June 25 might be construed as an order extending the time for filing the record in the Supreme Court, the time as so extended expired August 1, and as the record was not filed until some time thereafter, both appeals must be dismissed.