MARSH, GUARDIAN v. ALJOE, ET AL.
(No. 1712; September 21, 1931; 3 Pac. (2d) 103)

For the motion there was a brief by *James A. Greenwood,* Attorney General, *Richard J. Jackson,* Deputy Attorney General and *George W. Ferguson,* Assistant Attorney General, all of Cheyenne, Wyoming, and by *Edwin Barrett* and *Edward S. Arentz,* of Casper, Wyoming, and oral argument by *Mr. Jackson.*

In opposition to the motions to dismiss there was an oral argument by *I. G. McCann,* of Casper, Wyoming. No brief.

*Per Curiam.*

This case is under the Workmen's Compensation Act, and was here once before on appeal from an order denying the application of the state treasurer for a reopening of the case. The order appealed from was reversed (41 Wyo. 220, 284 Pac. 260, 261), and the case reopened and retried in

the District Court. The trial was to a jury who returned a verdict awarding compensation. The employer and the state treasurer filed separate motions for judgment notwithstanding the verdict. The motions were sustained and judgment denying compensation was entered August 23, 1930. Complaining of that judgment, claimant commenced this proceeding in error. Defendants in error have filed separate, similar motions to dismiss.

September 2, 1930, the claimant filed a motion for a new trial on the ground that the court erred in sustaining the state treasurer's motion for judgment notwithstanding the verdict and in entering the judgment. The motion for a new trial was overruled October 23, 1930. We need not decide whether that motion was necessary to preserve for review the exception to the order sustaining the motion for judgment notwithstanding the verdict. We shall assume that it was, and that October 23, 1930, the date when it was overruled, is the date from which should be computed the time for presenting the bill of exceptions to the trial court and for filing the petition in error and record in this court.

Section 4328, C. S. 1920, provides that orders of the District Court, in compensation cases shall be reviewable by the Supreme Court on proceedings in error ''in the manner prescribed by the code of civil procedure; provided, however, that the petition in error, bill of exceptions and record on appeal must be filed in the Supreme Court within 30 days from the date of decision or order on motion for new trial by a court or judge, unless the time be extended by order of court or judge, * * *.''

This statute is mandatory, and compliance therewith is necessary to give this court jurisdiction. Reintsma v. Standard Oil Co., 37 Wyo. 471, 263 Pac. 619; Lion Coal Co. v. Contas, 42 Wyo. 59, 289 Pac. 368.

In the case at bar the statutory 30-day period for filing the petition in error and record in this court was extended by several orders. The last of these orders extended the

time until May 1, 1931. The petition in error was filed April 28, within the extended time, but the application for an order for transmission of the original papers and copy of journal entries was not filed until May 7. See Iven v. Jessup, 20 Wyo. 90, 94, 121 Pac. 1001. The original papers of which the bill of exceptions is a part, and the certified copies of journal entries—making up the record in the case —were not filed here until May 11, ten days after the expiration of the time as extended. It is clear that the statute (§ 4328, supra) has not been complied with.

If the case were not dismissed for failure to file the record within the time allowed, the same result would follow for another reason. The bill of exceptions was not presented to the trial judge for allowance until April 28, 1931, more than 120 days after the overruling of the motion for a new trial. This was too late, and the bill would have to be struck from the record. Jones v. Parker, 38 Wyo. 26, 264 Pac. 97. Without the bill, there would be no allegation of error that could be considered.

The motions to dismiss will be sustained.