## MAUNSELL v. YONKEE

(No. 1839; March 13, 1934; 30 Pac. (2d) 489)

The cause was submitted for plaintiff in error on the brief of *Lonabaugh & Lonabaugh* of Sheridan.

For the defendant in error, the cause was submitted on the brief of *C. A. Kutcher* of Sheridan.

30

Per Curiam.

In this case, Vera Julia Maunsell seeks a review of an order made by the district court in a probate proceeding, by attempted proceedings in error. A so-called

abstract of record has been filed, briefs of the parties submitted, and the cause is before us for disposition on the merits. Very obviously, as the matter stands, we cannot thus give it consideration. Wyo. Rev. St. 1931, Sec. 89-4808, so far as necessary to be here referred to, reads:

"The plaintiff in error shall file with his petition in in error an application to the supreme court for an order directing the clerk of the district court or other tribunal from which the appeal is taken to transmit to the supreme court all such original papers in the case in which the appeal is taken, and a duly authenticated transcript of all such journal entries, or other entries of record as he may desire and as may be necessary to exhibit the error complained of;"

An examination of the files in this case brings to light a condition of affairs as follows: While the plaintiff in error filed with her petition in error a paper designated, "Application For Order For Original Papers and Copy of Journal Entries," she expressly states therein that, "the said plaintiff in error hereby makes application for an order directing the Clerk of the said District Court to transmit to this Court the following named original papers in said case to-wit: none." Additionally, no journal entries whatsoever are indicated as desired by her to be transmitted here. The consequence is that no record or order for review in the case is before us.

As long ago as O'Brien v. Clark, Adams, et al., 2 Wyo. 443, under the practice then prevalent, the Wyoming Territorial Supreme Court held, in a writ of error proceeding, that the party who sought the review of a judgment in that Court, must bring into it the record which he desired to have examined into, and that in event of failure to do this, the judgment would be affirmed as being prima facie correct, without an examination of the merits.

32

Under our present practice in proceedings in error, it has been held that in order to give this court jurisdiction of the subject matter for the review of errors alleged, it is necessary for the plaintiff to comply with the statute above quoted. Ivan v. Jessup, 20 Wyo. 90, 121 Pac. 1001.

As the cause now stands, therefore, there is no course left open to us but to direct that an order be entered dismissing it and that will be done.

*Dismissed.*