**In the Matter of the Injury to Felipe ZABALETA, an Employee of FMC Corporation.**

**Felipe ZABALETA, Appellant (Employee-Claimant),**

**v.**

**FMC CORPORATION, Appellee (Employer-Defendant).**

**No. 5638.**

Supreme Court of Wyoming.

Dec. 30, 1981.

Reinstatement Denied Feb. 4, 1982.

Larry Long, Salt Lake City, Utah, for appellant.

Gary M. Greenhalgh, Rock Springs, for appellee.

Carl J. Hildebrand, Asst. Atty. Gen., for Worker's Compensation Division.

## ORDER DISMISSING APPEAL

This case came on before the Court upon its own motion for consideration as to whether the appeal should be dismissed. An examination of the files and the record in this case discloses that the Findings of Fact, Conclusions of Law and Judgment was entered in the district court on September 18, 1981. The appellant, prior to that time, had filed a Notice of Appeal, Designation of Record on Appeal, and Certificate That Transcript Be Ordered, on August 27, 1981. That notice of appeal is treated as filed on September 18, 1981, in accordance with Rule 2.01, W.R.A.P. There is not endorsed on the notice of appeal nor is there filed in the record a certificate to the effect that the appellant ordered and arranged for the payment of a transcript of the portions of the evidence deemed necessary for the appeal as required by Rule 2.01, W.R.A.P., although the appellant did designate for the record on appeal, "2. Any and all transcripts which were made in this action." The record on appeal was not filed in this court until December 23, 1981.

 Rule 3.02, W.R.A.P., provides as follows:

"The appellant shall cause the record on appeal as provided for in Rule 4, W.R.A.P. herein to be filed with the Supreme Court and the appeal to be docketed there within forty (40) days from the date of filing the notice of appeal. The record will be filed and the appeal docketed upon receipt by the clerk of the Supreme Court, within the period herein provided or within such shorter or longer period as the court may prescribe, of the record on appeal and, unless the appellant is authorized to proceed without payment of fees, of the docket fee fixed by Rule 10, W.R.A.P. herein. When more than one (1) appeal is taken from the same judgment, the district court may prescribe the time for filing and docketing, which in no event shall be less than forty (40) days from the date of filing the first notice of appeal. The Supreme Court on proper application may permit the record on appeal to be later filed and docketed (1) where without fault of the appealing party the necessary transcript of evidence was not made available to the appellant within the time limited for filing and docketing the record on appeal if the appealing party produces written evidence that concurrently with the filing and serving of the notice of appeal such appellant had ordered from and arranged with the court reporter the payment for the transcript of those portions of the evidence deemed necessary for the appeal; and provided further that the application for extension is supported by an affidavit from the responsible reporter setting forth the pending cases in which such reporter has transcripts ordered, the estimated dates on which such transcripts will be completed, the reasons an extension is necessary in the case in which the application is made, and a statement that the request for extension has been brought to the attention of the district judge; or (2) upon a showing satisfactory to the Supreme Court that diligence was used by counsel for appellant and that, for causes beyond his control, the record on appeal could not be docketed within the time limited. The district court or the Supreme Court may require the record to be filed and the appeal to be docketed at any time within the time otherwise provided or fixed."

No proper application to this court to permit the record on appeal to be later filed and docketed has been presented. The failure to timely file a record on appeal is a ground for dismissal, and the duty to cause the timely filing of the record on appeal belongs to the appellant. *Williams v. Wyoming Bank & Trust Co.*, Wyo., 591 P.2d 884 (1979). The failure of the clerk of the district court to file a record on time does not serve as a ground to avoid dismissal of the appeal. *Williams v. Wyoming Bank & Trust Co.*, supra.

 We note a conflict between Rule 3.02 and § 27–12–615, W.S.1977, which provides in part as follows:

"Any order made in any investigation or hearing by the court pursuant to the pro-

visions of this act [§§ 27–12–101 to 27–12–804] (the Wyoming Worker's Compensation Act) is reviewable by the supreme court. The record on appeal must be filed in the supreme court within seventy (70) days from the date of decision or order on motion for a new trial by the court unless the time is extended by order of the court. * * *" (Matter in parentheses added.)

Historically the failure to file a record within the time provided by this statute has been treated by the court as a jurisdictional defect requiring dismissal. *Marsh v. Aljoe*, 43 Wyo. 345, 3 P.2d 103 (1931); *In re Contas*, 42 Wyo. 59, 289 P. 386, reinstatement denied 42 Wyo. 94, 291 P. 314 (1930); *In re Krivokapich*, 41 Wyo. 9, 281 P. 195 (1929); *Reintsma v. Standard Oil Co.*, 37 Wyo. 471, 263 P.2d 619 (1928). The court also has held under this statute that it was the duty of the appellant to see that the record on appeal was forwarded. *In re Contas*, supra. No extension of time by the district court to file the record was obtained, and it follows that if the statute were applied this appeal should be dismissed.

Rule 87(a)(1), W.R.C.P., provides in part as follows:

"From and after the effective date of these rules, the sections of the Wyoming Compiled Statutes, 1945, as amended, hereinafter enumerated, shall be superseded, and such statutes *and all other laws in conflict with these rules shall be of no further force or effect.*" (Emphasis added.)

While the predecessor of § 27–12–615, W.S. 1977, is not specifically alluded to in the list of statutes superseded, it is in conflict with the rules of procedure which at that time did encompass the matter of filing a record on appeal, and therefore the time within which to file a record on appeal in a worker's compensation case is to be governed by Rule 3.02, W.R.A.P., not by § 27–12–615, W.S.1977.

■ The record on appeal not having been filed in this case within the time required by Rule 3.02, W.R.A.P., this case is subject to being dismissed, and it therefore is

ORDERED that the above-entitled appeal be, and the same hereby is, dismissed.