## KUHN v. McKAY.

APPEAL AND ERROR.

1. No notice of proceedings in error is required, except the service of summons in error; and that is not required when the issuance and service of such summons is waived.

2. Where the issuance and service of summons in error occurs within the period prescribed by law for the commencement of proceedings in error, the proceedings will not be dismissed, although the summons was not asked for nor issued when petition in error was filed, nor until after a motion to dismiss was filed, but before hearing thereon.

[Decided December 1, 1896.]

Motion to dismiss proceedings in error.

*C. C. Hamlin* and *J. T. Norton* for the motion.

*S. T. Corn,* contra.

Potter, Justice.

On the 4th day of June, 1896, a motion was filed herein for the dismissal of these proceedings in error. The grounds assigned are: First, because the defendant in error has had no notice of the appeal; second, because no summons in error has been issued or served. No notice of proceedings in error is required except the service of summons in error, and this is not required if the issuance and service of such summons is waived.

The petition in error with the transcript of the record was filed on February 22, 1896. At that time no precipe for summons in error was filed, and summons was not issued; but on April 20, 1896, counsel for plaintiff in error filed their brief. After the motion to dismiss was filed, and on July 30, 1896, summons in error was issued, and served upon the defendant in error. Counsel for plaintiff in error presents his affidavit showing that at the time the petition in error and record was filed it was intended to secure the usual waiver of summons in error from opposing counsel, but from oversight the same was neglected; that upon learning of the motion such attempt was made, but the waiver was not obtained, and thereupon the issuance of the writ was procured.

The judgment brought up by the record for review was rendered October 11, 1895, by the district court of Sweetwater County. A proceeding to reverse, vacate, or modify

a judgment or final order is required to be commenced within two years after the rendition of the judgment or the making of the final order complained of. Rev. Stat., 1887, Sec. 3141.

It is manifest that the issuance and service of summons in error occurred within the period prescribed by law for the commencement of proceedings in error, and was accomplished prior to the hearing upon the motion. Whether the proceedings in error are commenced by the mere filing of petition in error, and transcript, or whether they are not to be deemed as commenced without the issuance of summons, is immaterial in the present condition of the case. We find not only the petition and record on file, but also a summons in error regularly issued, served, and returned, all within the period of limitation, which, indeed, has not yet expired. No good reason, therefore, exists for dismissing the case. In Siebel v. Bath, 40 Pac., 756 (5 Wyo., 409), a new party was permitted to be brought in, the statutory limitation not having expired, although a motion to dismiss on the ground of defect of parties had been filed. The motion is denied.

Defendant in error will be allowed 45 days within which to file briefs.

GROESBECK, C. J. and CONAWAY, J., concur.