## CALDWELL v. STATE.

APPEAL AND ERROR—JURISDICTION—SUMMONS IN ERROR—SERVICE OF IN CRIMINAL CASES—PROCEEDINGS IN ERROR, WHEN COMMENCED—DISMISSAL AND REINSTATEMENT.

1. The essential acts required to perfect proceedings in error must be substantially performed within the time prescribed by statute.

2. The provisions of the civil code prescribing when an action shall be deemed commenced furnish the rule by analogy to be adopted for determining what constitutes the commencement of a proceeding in error, there being no special statute on that subject.

3. When there has been no appearance by the proper parties, nor a waiver of summons in error, a proceeding in error is not commenced in the Supreme Court, within the meaning of the statute limiting the time for bringing such a proceeding, unless summons in error is issued and served as required by law.

4. In criminal cases the statute requiring summons in error to be served upon the Attorney General and the prosecuting

officer of the county in which judgment was rendered, a proceeding in error in such a case is not commenced, within the meaning of the statute limiting the time therefor, where there has been no service of summons in error upon the prosecuting officer of the proper county.

5. A court can acquire no jurisdiction of the case for the purpose of trial or judgment until the party defendant is brought before it.

6. The rule is applicable to proceedings in error that, so long as the plaintiff neglects to have process issued, or any other steps taken to bring in the defendant, and thus give jurisdiction to the court, his action or suit cannot properly be said to be commenced or pending.

7. A proceeding in error in a criminal case having been dismissed for want of prosecution, it will not be reinstated where it appears that summons in error had not been served upon the prosecuting officer of the county, and the time in which such service could be made has elapsed because of the expiration of the time limited for bringing such proceeding.

8. A verbal promise of the Attorney General to enter into a stipulation to extend the time allowed to plaintiff in error for filing briefs does not constitute an appearance by the State in a proceeding in error in a criminal case.

[Decided December 14, 1903.]          (74. Pac., 496.)

ERROR to the District Court, Laramie County.

Frank Caldwell, having been convicted of a felony and sentenced to imprisonment in the penitentiary, filed his petition in error for the review of the judgment April 28, 1902. On May 25, 1903, no briefs having been filed, and no extension of time therefor allowed, the court of its own motion dismissed the cause for want of prosecution. A motion was subsequently filed for the reinstatement of the cause, on the ground that the delay in the prosecution had been caused by the neglect of counsel. Hearing was had on that motion.

*M. A. Kline,* for plaintiff in error.

Certain forms of procedure have been established, but when to follow those forms would do injustice to anyone,

we believe that the spirit of the law should be regarded as of higher importance than the forms and the letter of the law. In the case at bar the plaintiff in error is by the law charged with the negligence of his attorneys on the general principle that the negligence of the agent is attributed to the principal. Yet, there is, on the other hand, the well settled rule that equity will not allow injustice to be done and, if necessary, will intervene in order to right the wrong. We submit that in this case a great wrong would be done plaintiff in error if this case were not reinstated. Under the law and the evidence as adduced in the trial of his cause in the court below, he ought to be free today, instead of being confined behind prison walls. Enough injustice has already been done him by his attorneys, and we believe that this court should do all that lies in its power to right the wrong thus done him. The facts show that the plaintiff in error was in the penitentiary; his brother, upon whom, for manifest reasons, he had to depend in a great measure, was lying ill in the hospital, and his attorneys, who were then employed in his behalf, after collecting their fees in advance, simply allowed his interests to be neglected. The Attorney General entered into a verbal agreement with us, after we had come into the case, to give thirty days in which to file a brief in this cause, but within ten days after the date of said agreement this cause was stricken from the docket without notice to counsel. The brief had then been partly prepared, and it would have been filed within the thirty days agreed upon; and counsel for plaintiff in error further states that if this cause is reinstated, his brief will be filed within fifteen days thereafter.

Plaintiff in error was tried on the 25th day of September, 1901, on the charge of assault with intent to kill and murder one Stella Graham, and the jury returned a verdict finding him guilty in manner and form as charged in the information. In due time he made his motion for a new trial, which was denied, and he was sentenced to serve twelve years in the penitentiary. The case was brought to this court on

a petition in error a few months later, but, as was stated above, the attorneys, who were then employed by plaintiff, simply took his money and neglected his interests.

Counsel for plaintiff in error further states that he is convinced, from the study of the record in the cause, that plaintiff in error was prosecuted with unusual severity; that a number of the instructions given in behalf of the State were clearly erroneous; that the verdict is contrary to the evidence; and that numerous errors of law occurred in the trial of said cause; that plaintiff in error did not have that fair and impartial trial which is guaranteed to every citizen of this commonwealth; that the State would suffer no wrong if this cause be reinstated, for it is the mission of the State and its judiciary to see that justice is done to all; and, further, that there would be an irremediable wrong to this plaintiff in error should such a reinstatement be refused.

*J. A. Van Orsdel*, Attorney General, for the State, submitted a statement to the effect that, after the petition in error was filed, the attorney then representing the plaintiff in error applied to him for an extension of time to file brief, and he stated to him that he would agree to a reasonable extension. That said attorney then left the State and nothing further was done about the matter until the attorney next employed for plaintiff in error asked for an agreement for an extension, and he, the Attorney General, then promised to stipulate for an extension of thirty days; but no such stipulation was called for, and he was not again approached about the case by that attorney. During the present year, some months previous, the attorney at present representing plaintiff in error informed him that he had been retained and asked whether he would agree to time for filing brief, and he replied that if the brief would be ready in thirty days he would not object to its filing, and would stipulate that it might be filed; that within said thirty days the court ordered the case to be stricken from the docket;

that, as informed, there had been no summons in error served on the prosecuting officer of the county, and that officer had not waived such service; and, if the case should be reinstated, a motion to dismiss would be filed to dismiss, since it had become too late to procure service of summons in error; and there would seem to be no good reason for reinstating the case in view of that condition of affairs; that the case had been in the court for two years, and if a client should be held liable for the neglect of his attorneys there would be no good reason for reinstatement.

CORN, CHIEF JUSTICE.

On May 25th, 1903, the petition in error in this case was dismissed by this court, upon its own motion, for want of prosecution, and, on August 20th, 1903, the plaintiff in error filed his motion asking that the case be reinstated. The ground of the motion is, substantially, that plaintiff in error, who is in the penitentiary upon a conviction for a felony in this case, employed and paid counsel to prosecute his proceedings in error, but that such former counsel utterly neglected his interests and has finally left the State. The Attorney General calls attention to the fact that the return upon the summon in error does not show service of the summons upon the Prosecuting Attorney of the county where the judgment was rendered, as required by the statute, and alleges that his information is that in fact there has not been such service. That more than one year having elapsed since the rendition of the judgment, it is now too late to make such service, and, if the case were reinstated, this court would be without jurisdiction to hear and decide it.

By Section 5422 of the Revised Statutes, as amended by Section 1, Chapter 63, Session Laws, 1901, it is provided that, in all criminal cases, after final judgment and within one year after the rendition of the judgment, proceedings to vacate, modify or annul such judgment may be begun in the Supreme Court by petition in error in the same man-

ner as is provided for taking civil cases to the Supreme Court under the laws of this State. And Section 5423, as amended by Section 2 of the same chapter, provides that "summons in error in criminal cases issuing out of the Supreme Court shall be served upon the Attorney General of the State and the prosecuting officer of the county in which the judgment is rendered."

The law is well settled that, while an appeal may be a matter of right under the statute, yet the right given by the statute must be exercised under its provisions, and the essential acts required to effect an appeal must be performed within the time prescribed. (Elliot Ap. Proc., 287.) The method required by the Legislature is exclusive; the requirements of the statute for taking and perfecting an appeal are deemed jurisdictional and must be substantially complied with. (2 Ency. Pl. & Pr., 16; Sholtz v. McIntyre, 136 Ill., 35; Fairbank v. Streeter, 142 Ill., 232.) Where there is no common law form of review, or it is not resorted to, the conditions and form of appeal depend entirely upon statute and cannot be changed or aided by judicial action. (People's Ice Co. v. Steamer Excelsior, 43 Mich., 338.) We, of course, use the word appeal as designating generally any method provided by statute for removing a case from an inferior to a higher court for review, including the proceeding under our statute by petition in error. The principle above stated applies to them all alike. And, as our statute limits the time within which proceedings may be begun to one year after the rendition of the judgment, the single question presented is whether the proceedings were begun within the time, within the meaning of the statute.

The section authorizing proceedings in error in criminal cases provides that they may be begun by petition in error in the same manner as is provided for taking civil cases to the Supreme Court. The object and purpose of this section is to substitute the method by petition in error for that formerly in use, of a writ of error to be allowed, on good

cause shown, by this court or one of its justices, and not to prescribe the details of the procedure. Reference is had for that purpose to the procedure in civil cases. And the Code of Civil Procedure (Sec. 425, R. S.) provides, "The proceedings to obtain such reversal, vacation or modification shall be by petition in error, filed in a court having power to make the reversal, vacation or modification, and setting forth the errors complained of; thereupon a summons shall issue and be served, or publication made, as in the commencement of an action," and providing further for the contents of the summons, its service and return. No special rule is prescribed as to what shall constitute the commencement or beginning of such a suit. But the Supreme Court of Ohio, whence the various sections of our Code of Civil Procedure were taken, hold that, while a proceeding in error is not in strictness a civil action under the code, no good reason is perceived for adopting a different rule in this class of cases from that prescribed by the code in civil actions. The decisions of that court are ordinarily authority upon these subjects in this State and, moreover, their reasoning is satisfactory to us, and we see no reason to dissent from their conclusion.

Referring, then, to the Code of Civil Procedure, it is provided, by Section 3461, that, "An action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him; and when service by publication is proper, the action shall be deemed commenced at the date of the first publication, if the publication be regularly made." And the following section (3462) provides: "An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this chapter, when the party diligently endeavors to procure a service; but such attempt must be followed by service within sixty days." Under these sections, it is held by the Ohio court that the action shall not be deemed com-

menced until jurisdiction is obtained of the defendant and then, by relation, the action is to be regarded as commenced at the date of the writ of summons first issued, within sixty days preceding. The court can acquire no jurisdiction of the case for the purposes of trial or judgment until the party defendant is brought before it. And so long as the defendant neglects to have process issued, or any other steps taken with a view to bringing in the defendant, and thus giving jurisdiction to the court, his action or suit cannot properly be said to be commenced or to be pending. (Robinson v. Orr, 16 O. S., 285; R. Wy. Co. v. Wick., 35 O. S., 247; Bowen v. Bowen, 36 O. S., 312; King v. Penn, 43 O. S., 57.)

These principles are applicable to this case. The sole defendant is the State, an artificial person, and the statute prescribes upon whom service of the summons shall be made, the Attorney General and the prosecuting officer of the county in which the judgment was rendered. Personal service being impossible, and the statute having prescribed the method of service, this court has no authority to substitute any other. There has been no service upon the prosecuting officer of the county, and the time within which it could be made is long since elapsed. It appears that some conversations, with reference to consent to an extension of time for filing briefs, have occurred between the Attorney General and counsel for plaintiff in error since the petition in error was filed, but they are clearly insufficient to constitute an appearance by the State, and, indeed, we do not understand that counsel makes any such claim.

There can be no propriety in reinstating the case merely to have it again stricken from the docket, upon the motion which the Attorney General gives notice he will present, and the application is therefore denied.

*Motion denied.*

KNIGHT, J., and POTTER, J., concur.