## FOREE v. STATE.

APPEAL AND ERROR—CRIMINAL CASES—COMMENCEMENT OF PROCEED-
INGS IN ERROR—FAILURE TO SERVE ATTORNEY GENERAL WITH
SUMMONS IN ERROR—DISMISSAL.

1. Where a petition in error in a criminal case was filed within the statutory period of one year after the rendition of the judgment, but no precipe for summons in error was filed, and no summons in error issued or served upon the Attorney General, until after the expiration of such period, and the same was not waived by him; *Held,* that the proceedings in ·error were not commenced within the time required by law, and that the same was ground for dismissal.

2. An acceptance of service of a copy of the brief of the plaintiff in error in a criminal case by the Attorney General, by an acknowledgment in writing that such brief has been served upon him, but not containing a waiver of any kind, merely stands in the place of other evidence of service, and does not amount to a general appearance in the cause by that officer, or service upon him of a summons in error as required by law.

3. Where a proceeding in error has not been commenced within the time required by law by reason of the failure to cause summons in error to be issued and served, the proper method of raising the question is by motion to dismiss.

4. If it should be conceded that a defendant in a criminal case, after conviction and sentence, has a right, without limitation as to time, to apply for a writ of error, which question is not decided, that would not be a good ground of objection to the dismissal of a proceeding in error commenced by petition in error after the time allowed by law therefor.

[Decided January 6, 1906.]                    (83 Pac. 596.)

ERROR to the District Court, Sheridan County, HON. JOSEPH L. STOTTS, Judge.

On motion to dismiss.

· *E. E. Lonabaugh* and *D. C. Wenzell,* for the State.

The failure to cause summons in error to be issued within one year from the date of the rendition of the judgment is

fatal to the jurisdiction of this court, as is also the failure to serve the Attorney General with the summons in error within the year aforesaid. (Caldwell v. State, 12 Wyo., 206.) The summons in error must be issued within the one year limitation, so that even the service upon the prosecuting attorney of the county was not made in time. (Caldwell v. State, *supra;* Robison v. Orr, 16 O. St., 285; Benson v. Michael, 45 N. W., 276; County v. LaBor, 15 Pac., 577; Hollinblake v. Turkington, 16 N. W., 472; Baker v. Schloss, 13 N. W., 212; Rogers v. Redick, 6 N. W., 413.)

The acceptance of service of brief by the Attorney General did not waive service of summons in error. If in any case it might be deemed a waiver, here the acceptance occurred after the time allowed for issuing summons in error. It is proper to move a dismissal of the cause. If a demurrer, however, should be held the proper practice, the motion will be regarded as a demurrer. There has been no application for a writ of error, and hence the question as to whether the constitution or law permits such a proceeding, and whether it is unlimited as to time, is not involved.

*Metz & Sackett* and *S. T. Corn,* for plaintiff in error.

The acceptance of service of the brief of plaintiff in error by the Attorney General constituted a voluntary appearance in the cause, and a submission to the jurisdiction of the court. The defendant in error may submit himself to the jurisdiction of the court in many ways without answering and entering his formal pleading, he may do this by appearing either in person or by attorney in court, and in many other ways that will readily suggest themselves to one familiar with the course of judicial proceedings. (Belnap v. Charlton, 34 Pac., 758.)

Whenever the Attorney General appears in any other way than in the way of objecting to the jurisdiction of the court, that appearance will bind him. He must keep out of the court for all other purposes if he desires to take ad-

vantage of an objection to the court's jurisdiction. (Coad v. Coad, 41 Wis., 26.)

Objection that the cause is barred by the statute of limitations can only be raised by answer, or, if the objection appears upon the face of the pleading, by demurrer. While this petition in error is a statutory proceeding, yet it is the commencement of a new action and is within the general rule requiring the statute to be raised by plea. According to the English practice, defendant in error must avail himself of this defense by plea. He cannot take advantage of it by motion, nor can the court take notice of it as a limitation of time is not an objection to the jurisdiction of the court. It is a defense which the defendant in error may or may not rely upon, as he himself thinks proper. (Burnapp v. Wight, 14 Ill., 333; Haley v. Elliott, 37 Pac., 27; R. R. Co. v. Tanner, 36 Pac., 541.)

In addition to the above matters, we maintain that the plaintiff in error would be entitled to a writ of error in this cause, no matter whether there is any merit in the motion to dismiss or not. And we also insist that there is no limitation in this state to the granting of a writ of error by the Supreme Court in a criminal case upon good cause shown.

The common law with reference to writs of error is in existence in this state. Under the old common law of England, a writ of error is grantable in all excepting capital cases, and that doctrine is recognized to exist in this state. It is a writ of right and issues as a matter of course under the old common law and could not be denied. In 1886 the Legislature modified the common law in force in the state, and abolished writs of error and *certiorari* in civil cases and left them remaining in criminal cases, recognizing the common law to continue as far as criminal cases were concerned, and in 1895 the Legislature limited the applications for writs of error to one year after the rendition of final judgment in the court below. This was a limitation upon the common law rule. Prior to that time there had been

no limitation upon the granting of the writ of error by the Supreme Court in a criminal case.

In 1901 the Legislature removed the limitation of one year placed on the granting of writs of error under Section 5422 of the Revised Statutes of 1899, but did not abolish the writ of error, but provided another and new proceeding styled, "Petition in Error" in the Supreme Court direct, and limited the time for the filing of a petition in error under the new practice to one year from the rendition of the judgment in the court below.

The Legislature recognized the existence of the writ of error in this state in criminal cases by abolishing it in civil cases, and also recognized the rule that it would continue in this state unless abolished by legislative enactment. Then the question necessarily arises, does the creation of a new remedy abolish the old writ of error that has been recognized during all the existence of the common law? It does not abolish the same unless it is done by implication, and repeals by implication are not favored. (Bowers v. Greene, I Scam., 42.) But we insist that there is no necessary implication in the statute abolishing the writ of error. The statute merely gives an additional remedy to a defendant in a criminal case to proceed direct without requesting a writ of error, and it leaves the old proceeding unaffected. (Haines v. People, 97 Ill.; I Bish. Crim. Proc., Sec. 1370.) In this case we are entitled to a writ of error upon the facts shown in the record, and for the purpose, we desire to amend our petition and ask for a writ of error in this case if the court should hold that there is any merit in the motion to dismiss.

In 1890 the people of this state duly adopted a constitution, and in Section 3 of Article 5 clothed the Supreme Court of this state with authority to issue writs of *certiorari* and other necessary writs (which would include a writ of error). It cannot be questioned, therefore, that the Supreme Court has full jurisdiction to issue any writ, including the writ of error, when necessary and proper to the complete exercise of its appellate and revisory jurisdiction.

BEARD, JUSTICE.

The plaintiff in error, Earl Foree, was convicted in the District Court of Sheridan County January 4, 1904, of the crime of· arson and sentenced to imprisonment in the penitentiary.   On the same day a motion for a new trial was denied by said court.   On January 3, 1905, a petition in error was filed by the plaintiff in error in this court, but no *præcipe* for summons in error was filed until January 10, 1905, when a *præcipe* was filed requesting the clerk of this court to issue a summons in error directed to the sheriff of Sheridan County.   Summons in error was issued January 10, 1905, as directed and service thereof was accepted by the County and Prosecuting Attorney of Sheridan County January 12, 1905.   No service of summons in error was ever made upon the Attorney General of the state.   On February 4, 1905, the Attorney General accepted service of the brief of plaintiff in error, which acceptance of service was filed February 8, 1905.   On April 8, 1905, the Attorney General, appearing specially for that purpose only, filed a motion to dismiss the action for the reasons : that no summons in error had ever been served upon him ; that he had not waived the service of summons; and that more than one year had elapsed since the entry of final judgment and the overruling of the motion for a new trial by the District Court of Sheridan County.

Section 1, Chapter 63, Session Laws, 1901, provides : "In all criminal cases after final judgment and within one year after the rendition of the judgment, proceedings to vacate, modify or annul such judgment may be begun in the Supreme Court by petition in error in the same manner as is provided for taking civil cases to the Supreme Court under the laws of. this state."   Section 2 of said chapter provides that "summons in error in criminal cases issuing out of the Supreme Court shall be served upon the Attorney General of the state and the prosecuting officer of the county in which the judgment is rendered."   No *præcipe* for summons in error having been filed or summons issued

or served upon the Attorney General within one year from the rendition of the judgment, and service of summons not having been waived by him, the proceeding in error was not, in law, commenced within the meaning of the statute, and it is now too late to do so, as the time for so doing has expired. It is contended, however, that the acceptance of service of the brief by the Attorney General amounted to a general appearance in the case. But we think it did not. The acceptance of service contains no waiver of any kind and is simply an acknowledgment in writing by the Attorney General that the brief had been served upon him, and stands in the place of other evidence of service and nothing more. The failure to serve both the Attorney General and the prosecuting officer of the county in which the judgment is rendered (unless waived) within the time allowed for commencing proceedings in error is a sufficient ground for dismissal. (Caldwell v. State, 12 Wyo., 206; 74 Pac., 496.)

Is is urged that the question presented by the motion should have been raised by demurrer and not by motion. The petition in error was filed in time and its sufficiency is not attacked. The reason for dismissal as presented by the motion is that the appeal (and we use the word appeal in the sense in which it is used in the case above cited) had not been perfected within the time allowed by the statute, and in such cases it has been the uniform practice in this state to raise the question by motion to dismiss. (Lannier v. Haase & Finn, 1 Wyo., 25; Seibel v. Bath, 5 Wyo., 409; Kuhn v. McKay, 6 Wyo., 466; Caldwell v. State, *supra*.)

It is also argued at length, "that the defendant as a matter of right is entitled to a writ of error in this cause, and against which there is no limitation in this state." The argument is that the Legislature by the act of 1901 (Ch. 63 S. L.) provided a new and additional method by which criminal cases could be taken from the District Court to the Supreme Court on error and did not and could not,

under our constitution, abolish writs of error; and that it was not the intention of the Legislature to simply change the method of applying for and securing a review of the judgment of the District Court, but to provide another and additional method for review, namely, by petition in error. If we were to assume that this contention is correct, which we do not do, we do not see how it can benefit the plaintiff in error in this case. If there are two methods by which he can have his case reviewed upon error in this court, he has elected which one of the two he would pursue, and having failed to bring his case within the time required for that method, the fact that, possibly, he may have another remedy can hardly be regarded as a good reason for not dismissing the present case for such failure. The case before us is not an application for a writ of error, but a petition in error; and not having been commenced within the time prescribed by the statute, the motion to dismiss must be sustained.          *Motion to dismiss sustained.*

POTTER, C. J., and SCOTT, District Judge, concur.

VAN ORSDEL, J., having announced his disqualification by reason of having been Attorney General, HON. RICHARD H. SCOTT was called in to sit in the case.

