## IN RE. BIG LARAMIE RIVER, PIONEER CANAL COMPANY, ET AL., v. AKIN, ET AL.*

(No. 781; Decided March 24th, 1915; 147 Pac. 169.)

APPEAL AND ERROR—SUMMONS IN ERROR—SERVICE—WHEN PROCEEDINGS COMMENCED—TRANSFER OF CAUSE—JUDICIAL NOTICE—PROCEDURE — STATUTES — WRITS — RETURN DAY — WORDS AND PHRASES.

1. Compiled Statutes 1910, Section 5111, requiring a summons in error issued in term time to be made returnable "on a day therein named" means a day of the present term, as limited by Statute, which day must be named in the summons. The word "therein" as used in the Section refers to the term and not to the summons.

2. A summons in error issued in term time cannot legally be made returnable on a date beyond the first day of the next ensuing term.

3. Service of a summons in error issued within the year prescribed by Statute, is sufficient, if the summons is made returnable at a proper date and the service itself is made within the life of the writ, although after the expiration of the statutory period for bringing the proceeding.

4. Where the period for commencing proceedings in error ran from January 6th, 1913, and a summons in error issued January 3rd, 1914, returnable August 1st, 1914, was served July 22nd, 1914, the service was insufficient to ·

---

*Rehearing granted June 1st, 1915; decision December 23rd, 1915, denying motions to quash service and dismiss.

transfer the cause, since the next ensuing term commenced on the first Monday in April, 1914, on which date the writ expired by the terms of the Statute (Comp. Stats. 1910, Sec. 5111.)

5. Where the statute on proceedings in error is lacking in some particular, resort may be had to statutes regulating procedure in civil actions to supply such defects by analogy.

6. An appellate court will take judicial notice of the commencement, adjournment and expiration of its own terms.

ERROR to the District Court of Laramie County, RODER-ICK N. MATSON, Judge.

Wyoming Development Company, one of the defendants in error, moved to quash the service of summons in error and to dismiss the proceedings in error on the ground that the proceedings in error were not commenced within one year after the rendition of the judgment complained of and that the summons in error itself had expired by operation of law before it was served.

*Clark & Clark,* for the motions.

The return shows service of the summons in error more than six months after its date and more than one year and six months after the entry of the order overruling the motion for a new trial. The proceedings in error were not commenced within the statutory period. (Comp. Stats. 1910, Sections 5122, 5111, 4305 and 4306; Lobell v. Stock Oil Co., 19 Wyo. 170; Caldwell v. State, 12 Wyo. 206; Baltimore &c., R. Co. v. Ambach, 55 O. St. 553; Bechthold v. Fisher, 12 Oh. C. C. 559.) The statute limiting the time within which an appeal must be taken is jurisdictional. (Bowen v. Bowen, 36 Oh. St. 312.) Comp. Stats. 1910, Sections 4305 and 4306, while not referring directly to appellate proceedings, may be resorted to to supply defects in appellate procedure.

*N. E. Corthell, contra.*

The motions seem to be based upon a confusion of two distinct provisions of the Code designed to apply to different conditions. Section 4351 defines what constitutes commencement of an action and Section 4305 to the date of filing an issuance of the writ. Where there is a failure of service under the original writ Section 4306 makes the attempt to commence, which would otherwise be abortive, equivalent to the actual commencement of the action, if an alias writ is served within sixty days after the previous attempt and failure. In Lobell v. Stock Oil Company, 19 Wyo. 170, there was neither commencement or an attempt to commence the proceeding; in Caldwell v. State, 12 Wyo. 206, there was an attempt to commence the proceeding but it was abortive and was not followed within sixty days with new process or actual service. Where the writ is issued within the year and actually served, although after the expiration of the year the service relates to the date of the writ. (2 Cyc. 805; Caldwell v. State, 12 Wyo. 206; McDonald v. Ketcham, 53 Oh. St. 519, 42 N. E. 322; Rogers v. Redick & Conwell, 10 Neb. 222, 6 N. W. 413; Leavitt v. Brazelton, 28 Tex. Civ. App. 3, 66 S. W. 465; Buelterman v. Meyer, 132 Mo. 470, 34 S. W. 67, 68.) Section 4306 is not intended to curtail the time within which a summons may be served. This is regulated by Section 4359 and if this section be applicable by analogy to proceedings in error, there is warrant for the proceedings in this case in Section 4351 defining the commencement of an action, Section 4305 declaring the date of the summons to be the date of commencement and Section 4359 providing that service may be made at any time before the return day. The previous decisions of this court deal with a condition, where no summons was issued within the year, or where an attempt to commence proceedings failed and was not followed with new process and actual service within sixty days. Therefore the decisions cited are not in point. The same is true of the Ohio decisions referred to. In McDonald v. Ketcham, 53 Oh. St. 519, the doctrine of

Bowen v. Bowen was overruled. (See, also, Bemis v. Pittsburgh, &c., Railway Co., 7 O. N. P. 515, 516, 517.) The word "attempt" is obviously used in our statute in the common sense defined by the authorities meaning in a general way a putting forth of effort, especially an unsuccessful effort to attain an end. (Webster's New Int. Dict.; Standard Dict.; Century Dict.; Graham v. People, 181 Ill. 477, 55 N. E. 181.) It is obvious that the Legislature in the enactment of Section 4306 had in mind an original action and not a proceeding in error. Upon the authority of the cases in our own court, the courts of Ohio and the general current of opinion, illustrated by the foregoing citations, it is submitted that the motions should be denied.

Beard, Justice.

This case is before the court at this time on two motions of Wyoming Development Company, one of the defendants in error; one to quash the service of summons in error, and the other to dismiss the proceedings in error. Both motions present the same ultimate questions, viz: was the proceeding in error commenced in due time? The Statute, Section 5122, Comp. Stat. 1910, so far as applicable here, reads as follows: "No proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment, or the making of the final order complained of." In this case there is no dispute as to the date the statute commenced to run, that date being January 6, 1913. The petition in error was filed January 3, 1914, and summons in error was issued the same day and made returnable on or before August 1, 1914, and was served on said defendant in error July 22, 1914. Counsel for the moving defendant in error contend that to constitute the commencement of the proceedings the summons must not only be issued within the year but must, also, be served within sixty days from the date of the original summons. In support of that contention they cite Section 4305, Comp. Stat. 1910, contained

in the chapter of the statutes relating to the time of commencing actions, which provides: "An action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served upon him," etc.   Also Section 4306, Id.: "An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this chapter, when the party diligently endeavors to.procure a service; but such attempt must be followed by service within sixty days." They argue that those provisions should . be held to apply, by analogy, to proceedings in error; and as the service in this case was not made until July 22, 1914, and more than sixty days after the date of the summons, the proceedings were not commenced in time. The provisions of the statutes which apply to the procedure in civil actions can be resorted to in proceedings in error, where the statute on proceedings in error is lacking in some particular, in which case it has been held that the former may be applied by analogy where applicable.   The chapter of the statutes on jurisdiction and procedure in error, Section 5111, reads as follows:  "The proceedings to obtain such reversal, vacation, or modification, shall be by petition in error, filed in a court having power to make the reversal, vacation or modification, and setting forth the errors complained of; thereupon a summons shall issue and be served, or publication made, as in the commencement of an action, and a service on the attorney of record in the original case shall be sufficient; the summons shall contain a statement that a petition in error has been ·filed in the case; and if issued in vacation, it shall be returnable on or before the first day of the term of the court, and if issued in term time, it shall be returnable on a day therein named; and if the last publication, or service of the summons, be made ten days before the end of the term, the case shall stand for hearing at that term."   Here we have a statute providing for the issuance of summons, prescribing what it shall contain, when it shall be returnable, ·and on whom it may be· served; but it does not fix any definite length of

time after its issuance within which it may be served to perfect the commencement of the proceedings so as to give the court jurisdiction. The return day is not the same in all cases, being different when the summons is issued in vacation from that when it is issued in term time. In this case the summons was issued in term time, as we take judicial notice that the October, 1913, term had not adjourned for the term on January 3, 1914, and as we construe the statute the summons could not legally be made returnable later than the last day of that term, which term would expire by limitation with the commencement of the next term, viz: the first Monday in April, 1914. The true meaning of the language used in the statute, "if issued in term time, it shall be returnable on a day therein named," is at first glance not entirely clear, but when considered in connection with the other provisions of the section it is evident to our minds that the words "a day therein named" mean a named day in the term, and that "therein" refers to the term and not to the summons. In 2 Nash's Pleading & Practice (4th Ed.) 1243, the author commenting upon this identical statute says: "The summons shall be made returnable on or before the first day of the ensuing term of court, if issued in vacation; if issued in term time, it may be made returnable to a named day in term." The case of Bechthold v. Fisher, Admr., 12 O. Cir. Ct. 559, is in point. In that case the petition in error was filed June 6, 1896, and summons issued dated the same day and made returnable on or before October 20, 1896, that being the first day of the term of the Circuit Court of said county. It was received by the sheriff June 8, 1896, and served on the attorney of record of defendant in error on September 28, 1896. The officer was directed by counsel for plaintiff in error not to serve the summons until October 1, 1896. No other summons was issued or served. It was held that the sections of the Ohio statutes corresponding to Sections 4305 and 4306 of our statutes applied to proceedings in error, and that service not having been made within sixty days from the date of the summons as required by the stat-

ute, "there was no such service of summons as the law regards sufficient to cause the case to be pending in the circuit court." Any other construction of the language would leave the time for perfecting the proceedings in error by service on the defendant in error optional, and would in effect destroy the force of the statute limiting the time for commencing such proceedings, if the summons be made returnable far in the future and if service within the apparent life of such writ would be sufficient. No doubt if the writ in this case, issued as it was in due time, had been made returnable at a proper date and had been served within the life of the writ, although after the expiration of the statutory period for bringing the proceeding, it would have been sufficient. (McDonald et al. v. Ketchum, 53 O. St. 519, (42 N. E. 322); Burnap v. Wright, 14 Ill. 303; Rogers v. Redick, 10 Neb. 332, (6 N. W. 413); Hendricks v. Sullivan, 28 Neb. 790, (44 N. W. 1135); Omaha L. & T. Co. v. Ayer, 38 Neb. 891, (57 N. W. 567). But in this case the summons was not served until long after it was legally dead, that is, after the time it could legally be made returnable; and service after return day was a nullity. (19 Enc. Pl. & Pr. 600, and authorities there cited.) The present case differs in its facts, but we think not in principle, from those arising under the provisions of Section 4306, *supra,* where the original summons has issued in time and the party has diligently endeavored to procure service, but has failed to do so, and an alias summons has issued. In such cases in those states having the same statutes, or statutes containing substantially the same provisions as Section 4306, it has been held that those provisions apply to proceedings in error. (Ross, Sheriff, v. Willet, 54 O. St. 150, (42 N. E. 697); Paving Co. v. Botsford, 50 Kan. 331, (31 Pac. 1106); Thompson v. Wheeler & Wilson Mfg. Co., 29 Kan. 476; School District No. 39 v. Fisher, (23 Okl. 9) 99 Pac. 646; Kilgore v. Yarnell, (24 Okl. 525), 103 Pac. 698.) If in a case where there has been a failure to procure service of the original summons and an alias is issued it must be served within sixty days from the

date of the original in order to constitute the commencement of the action as of the date of the original summons, we are unable to discover any reason why an original summons must not likewise be served within sixty days from its date to have that effect, or why the sixty-day limit should not apply equally to both cases.

Our conclusions are, that a summons in error when issued in term time should be made returnable on some day during the possible life of that term as limited by statute, that is, on some day before the first day of the ensuing term; and that the summons in this case could not legally have been made returnable at a later date, and not having been served within the legal life of the writ, and no service of summons having been made upon said defendant in error within sixty days after the time for commencing proceedings in error had expired, the proceedings were not commenced in time as to said defendant in error. So concluding, the motions will have to be sustained and the proceedings in error dismissed as to said defendant in error, Wyoming Development Company; and it is so ordered.

*Dismissed as to Wyoming Development Company.*

Potter, C. J., and Scott, J., concur.

