## GRIFFIS v. STATE.

(No. 803; Decided June 29th, 1915; 149 Pac. 860.)

APPEAL AND ERROR—CRIMINAL LAW—APPEAL IN CRIMINAL CASES—LIMITATION OF TIME—SUMMONS IN ERROR—ISSUANCE AND SERVICE OF SUMMONS—WAIVER OF SERVICE—DISMISSAL OF PROCEEDINGS.

1. Proceedings in error in criminal cases must be commenced within one year after the rendition of final judgment by the filing of a petition in error and the issuance and service of a summons in error, unless the issuance and service of such summons be waived by the prosecution.

2. Compiled Statutes 1910, Section 5122, allowing one in prison the period of one year exclusive of the time of such disability for bringing a proceeding in error to reverse a judgment does not apply to criminal cases.

3. Compiled Statutes 1910, Section 6293, limiting the time for commencement of proceedings in error in criminal cases to one year after final judgment, is without exception, and the proviso therein that proceedings may be begun as in civil cases refers to procedure only and not to time.

ERROR to the District Court, Niobrara County; HON. WILLIAM C. MENTZER, Judge.

*Allen G. Fisher* and *William P. Rooney,* for plaintiff in error.

*D. A. Preston,* Attorney General, for the State.

Clyde E. Griffis was convicted of grand larceny and brings error.

No briefs. Heard on oral arguments on motion to dismiss.

POTTER, CHIEF JUSTICE.

The plaintiff in error, Clyde E. Griffis, was convicted in the District Court, sitting within Niobrara County, of the crime of grand larceny, and, by the judgment of said court on January 29, 1914, was sentenced to a term in the penitentiary, his motion for new trial having been on that day overruled. On July 9, 1914, a petition in error was filed in this court for the reversal of said judgment, but no summons in error was issued, nor any *praecipe* therefor filed,

and it does not appear that the issuance and service of summons in error was waived by either the prosecuting attorney of the county or the attorney general. On March 17, 1915, the attorney general filed a motion to dismiss the proceeding in error, alleging as reasons therefor that no summons in error had been served upon him, that he had not waived such service, and that more than one year had elapsed since the entry of the final judgment and the over-ruling of the motion for a new trial. The cause has been heard upon that motion, and it must be sustained, unless summons in error may yet be issued and served so as to commence the proceeding in error within the time limited by law. (Caldwell v. State, 12 Wyo. 206, 74 Pac. 496; Foree v. State, 14 Wyo. 296, 83 Pac. 596.)

It is contended, in opposition to the motion, that the same is premature, for the reason that the plaintiff in error has been confined in prison since the sentence was imposed upon him, bringing him within the exception stated in Section 5122, Compiled Statutes, 1910, allowing one in prison the period of one year, exclusive of the time of such disability, for bringing a proceeding in error to reverse a judgment. But that section is found in the code of civil procedure and does not apply to criminal cases. Section 6293 limits the time for proceedings in error in criminal cases as follows: "In all criminal cases after final judgment and within one year after the rendition of the judgment, proceedings to vacate, modify or annul such judgment, may be begun in the Supreme Court by petition in error in the same manner as is provided for taking civil cases to the Supreme Court under the laws of this state." This section fixes the period of one year, without exception, as the time for commencing proceedings in error in criminal cases. The provision that the proceedings in error may be begun by petition in error in the same manner as is provided for taking civil cases to the Supreme Court refers only to the procedure, not to the limitation on the · time for commencing proceedings in error. (Blackburn v. State, 22 O. St. 581; Miller v. State, 73 O. St. 195, 76

N. E. 823; Nickel v. State, 6 $\overline{O}$. Cir. Ct. Rep. 601.) The motion will be sustained and the proceeding in error dismissed.                                        *Dismissed.*

Beard, J., and Scott, J., concur.