MEGOWN v. FULLER, ET AL.*
(No. 1434; Aug. 30, 1927; 258 Pac. 1018)

APPEAL AND ERROR—MOTION FOR NEW TRIAL—ELECTION OF METHOD FOR REVIEW—AMENDMENT—EXTENSION OF TIME FOR PREPARING APPEAL RECORD.

1. The same party may not pursue two separate and independent methods for the appellate review of a judgment but must elect between them in the absence of a statute to the contrary.

2. A motion for a new trial is not limited by statute to the purpose of preserving a record for review, or even specifying that as a reason for the motion.

3. A motion for a new trial may be filed to preserve exceptions for use if proceedings in error be thereafter brought, without establishing an election to proceed on error, especially where it was abandoned before record on appeal was completed and filed in the district court.

4. The filing of a motion for new trial and an exception to the denial thereof, is not an integral part of a proceeding in error. The statute provides for the commencement of such a proceeding by filing a petition in error, praecipe for, and the issuance of a summons in error, or service by publication if personal service cannot be obtained, all within the time limited by statute.

5.   Compiled Statutes 1920, Section 6405 authorizes district
     courts to grant extensions of time for preparing the rec-
     ord on appeal beyond the prescribed seventy day period
     for cause shown, and as a mere clerical error in such ex-
     tension order may be corrected by amendment, it does
     not require dismissal of the appeal.

6.   An order extending and enlarging the time for completing
     the transcript required in a record on appeal, made upon
     the oral suggestion of the court reporter because he would
     not be able to furnish the transcript within the time pre-
     viously allowed, does not require dismissal of the appeal
     pursuant to Sections 6401-6415 Comp. Stats.

*See Headnotes:   (1) 3 C. J. p. 331 n. 48; p. 332 n. 53, 54, 55;
p. 342 n. 71; p. 343 n. 72, 73; p. 344 n. 79, 80, 81; p. 966 n. 34; (2)
3 C. J. p. 333 n.72 New; (3) 4 C. J. p. 466 n. 56; (4) 4 C. J. p. 467
n. 63.

APPEAL from District Court, Fremont County, BRYANT S.
CROMER, Judge.

Action by S. H. Megown, as liquidating agent of the
First National Bank of Shoshoni, against George B. Ful-
ler and others.   From an adverse judgment, plaintiff ap-
peals.   Heard on motion to dismiss the appeal.

*E. E. Enterline,* for the motion.

Plaintiff adopted both methods prescribed to have the
judgment reviewed; a litigant cannot pursue both meth-
ods, Mitter v. Black Diamond Coal Co., 27 Wyo. 72, 193
Pac. 520.   Plaintiff filed a motion for a new trial and
notice of appeal on the same date, each of which was fol-
lowed by steps indicating an intention to pursue both
methods.   The first extension given plaintiff to prepare
the record on appeal expired September 14, 1926 and on
September 8, 1926 an order was entered on the applica-
tion of defendants extending the time to November 10,
1926; even if the courts should deem this to be a clerical
error and that it was intended that the word ''plaintiff''
instead of ''defendants'' should have been included in
the order, plaintiff nevertheless would not be in a position

to have the judgment reviewed, for the reason that the court reporter on December 15, 1926, and not the plaintiff, secured an order extending the time to January 12, 1927. An extension of time can only be granted for cause known by the party seeking extension; 6404 C. S., Coffee v. Harris, 27 Wyo. 394, 197 Pac. 649, Peterson v. Spaugh, 31 Wyo. 26, 222 Pac. 580. The record was a flagrant disregard of the statutes providing for review of the judgment, which seems to affect the jurisdiction of the appellate court. For the above reasons the judgment cannot be reviewed on direct appeal, and there being no bill of exceptions it cannot be reviewed by proceedings in error.

*M. C. Burk, F. A. Michels* and *W. E. Hardin*, contra.

The trial court had authority to extend the time for completing the record on appeal without a written application. A mere clerical error in the order may be corrected; White Automobile Co. v. Hamilton, 29 Wyo. 109; Burstein v. Levy, 98 N. Y. S. 853; Thomas v. Biven, 235 Pac. 321; Hall v. Marvin, 126 N. Y. S. 206. The record shows that the specifications in error were served upon defendants' counsel. In the case of Mitter v. Coal Co., 27 Wyo. 72, this court held that a party may file his motion for a new trial and also give notice of appeal and thereafter pursue either remedy, an election being made when the case is placed in the supreme court; the filing of a motion for new trial or notice of appeal gives the party a right to thereafter elect which method he will pursue.

POTTER, Justice.

This cause is here on direct appeal; that being the name given to the proceeding by the statute providing for it as a separate and independent method for the review of a judgment or final order of a district court, leaving the proceeding in error undisturbed and expressly continuing in force the then existing statutory provisions relating thereto. Laws 1917, Ch. 32; Comp. Stat. 1920, Sections

6401, 6415. And the cause has been heard upon a motion to dismiss the appeal.

With the exception of three of the fourteen numbered grounds stated in the motion, they all relate to the point principally discussed in the brief, that a party is entitled to a review by only one of the said two methods, and that the appellant here has improperly pursued both, thereby rendering this proceeding subject to dismissal. There has, however, been but one proceeding brought in this court for the review of the judgment complained of, and that is the proceeding here assailed, which was instituted in this court by the filing of a record on appeal, appearing to have been prepared and filed in the district court and to have been properly authenticated, with specifications of error as also filed in the district court, all as provided for in the statute providing for said direct appeal.

But the contention aforesaid is based upon the fact that, in the district court, the appellant filed a motion for a new trial, in addition to filing and serving his notice of appeal provided for by the direct appeal statute to be filed and served within ten days after the entry of the judgment or final order complained of, which motion was filed on the same day as the notice of appeal, and was heard and overruled pending the period allowed for the preparation of the record on appeal; that period having been extended from time to time, assuming the several extension orders to have been valid and effectual for that purpose. And it is argued, either directly or in effect, that since a motion for a new trial is neither necessary nor contemplated as a part of the direct appeal procedure, as held by several of our decisions, and the filing and determination of such a motion is necessary or proper for appellate purposes only to permit a consideration of certain questions in a proceeding in error, under Rule 13 of this court, the filing, obtaining a hearing upon, and determination of the motion in this case amounted to an elec-

tion of a proceeding in error to review the judgment, and therefore a waiver of the right to proceed by appeal.

It may be conceded, that according to the generally accepted rule, the same party may not, ordinarily, pursue two separate and independent methods for the appellate review of a judgment, but must elect between them, in the absence of a statute to the contrary. Horton v. Peacock, 1 Wyo. 57. And see Barrett v. Whitmore, 28 Wyo. 495, 207 Pac. 71. We said in Mitter v. Black Diamond Coal Co., 27 Wyo. 72, 191 Pac. 1069, that the two methods provided by our statutes to obtain a reversal, modification or vacation of a judgment of the district court are separate and independent, either of which a party may elect to pursue; but that whether or not after bringing the cause to this court by one method and while that cause is still pending, he can also commence proceedings in this court by the other method, we entertain grave doubts. It is said in 3 C. J. 331-332:

"As a general rule, a second proceeding to obtain a review by an appellate court cannot be taken while a prior valid proceeding for such purpose is still pending and if it is attempted, the second proceeding will be dismissed. * * * And where an appeal is pending, the cause cannot ordinarily be brought up by writ of error, by certiorari, or by bill of exceptions. * * *."

And on page 342:

"When a party has more than one remedy for review in a particular case, he must generally elect under which he will proceed, and, when he does elect a particular remedy, he waives all others, unless he is entitled to prosecute both remedies at the same time. But, if it is questionable whether a cause should be brought up by appeal or by writ of error, the cause may, according to a practice sanctioned by federal courts, and some of the state courts, be brought up by both methods, and the appellate court, when it comes to examine a cause, will determine whether it is

properly brought up by appeal or writ of error, and pro-
ceed accordingly''.     (And see Barrett v. Whitmore,
supra.)

On page 343:

''Although, in order that a party may be held to have
elected a particular remedy, the steps taken by him must
be sufficient to show an election, where one has merely
an election between the remedy by appeal and writ or peti-
tion in error, or between other remedies for review, his
resort to one remedy will, except as stated in the preced-
ing sections, generally amount to a binding election of
that remedy.   But to show an election to proceed by error
instead of appeal, the procedure must have the essential
elements of a proceeding by error.''

This court said, in the Mitter case above cited, that
while the direct appeal statute makes no provision for a
motion for a new trial, and the filing of such motion does
not have the effect of extending the time for serving and
filing the notice of appeal, ''no doubt a party may within
ten days from the entry of the judgment, serve and file
a notice of appeal in order to preserve his right to bring
the case to this court by direct appeal; and may also file
a motion for a new trial where such motion is necessary
to preserve a proper record for bringing a cause to this
court by proceedings in error.''

In that case, a reversal was sought of the same judg-
ment by two proceedings in this court, one under the
direct appeal statute, in which a record on appeal had
been filed, and the other a proceeding in error, wherein
a petition in error and praecipe for summons in error had
been filed; and there was a motion to dismiss the appeal
upon the ground, among others, that the court was with-
out jurisdiction to entertain it, which was granted upon
the ground that the notice of appeal had not been served
and filed within the time allowed by the direct appeal
statute.   A motion to dismiss the proceeding in error was

also considered in the same opinion, and disposed of by granting the motion because of the absence of a bill of exceptions, which left nothing in the record in that proceeding for the court to consider. And in disposing of the motion in that proceeding, this court concluded the opinion upon the original hearing by saying:

"While a party may bring a cause to this court by either of the two methods at his election, if he has preserved a proper record, he cannot maintain both at the same time. And whether or not this proceeding is to be regarded as abandoned (as was claimed in appellant's brief resisting the motion to dismiss the appeal), it is clear that in the absence of a bill of exceptions there is nothing for this court to consider, and the motion to dismiss the proceedings in error will have to be granted."

Rule 13 of the court has been in existence in substantially the same form since its first promulgation of rules as the supreme court of the Territory of Wyoming, although not originally known by the same number, and provided, and has continued to provide, that nothing which could have been properly presented as ground for a new trial in the court below will be considered in a proceeding in error unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and an exception was at the time reserved to such ruling, all to be embraced in the bill of exceptions. And respondent's contention that there was an election to proceed on error rather than by direct appeal is based upon that rule and our decisions to the effect that a motion for a new trial in the court below is not necessary for the presentation of any question in a cause brought here by direct appeal.

But there is nothing in the statute limiting an application or motion for a new trial to the purpose of preserving a record for review, or even specifying that as a reason for the application or motion. A new trial is defined

by the statute (Comp. St. 1920, Sec. 5870) as "a re-examination in the same court of an issue of fact, after a verdict of a jury, a report of a referee or master, or a decision by the court;" and declares that the verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of certain stated causes affecting materially the substantial rights of such party. It prescribes also (Sec. 5872) that the application must be made at the term the verdict, report or decision is rendered, and except for the cause of newly discovered evidence, shall be made within ten days after the verdict or decision is rendered, unless such party is unavoidably prevented from filing the same within such time, and upon written grounds (Section 5873). It has been held, and was held in the Mitter case aforesaid, that an order denying such a motion for a new trial is not a final appealable order and we said in that case, when disposing of a petition for rehearing:

"Such a motion, which we have referred to as the ordinary motion for new trial, may be filed before judgment, following the return of a verdict, the filing of a report of a referee or master, or the findings of the court, and while the statute provides for entering judgment by the clerk in conformity to a general verdict, it affords an opportunity to have the entry delayed to await the result of a motion for new trial, by the provision authorizing the cause to be reserved for further argument or consideration. Under that, a party may state his intention to file a motion for a new trial and desire that judgment entry be delayed until the motion may be filed and considered. But it is not necessary for the motion to be filed before judgment. It may be filed after judgment, within the statutory time, and if it then be overruled, 'the judgment remains, from the date of its entry, the final judgment in the action unless reversed, vacated, or modified in accordance with law.' "

We perceive no good reason for holding that a motion for a new trial might not be filed and brought on for hearing and disposition with the hope or expectation of having it granted and a new trial thereby secured in the district court, without then intending an absolute election to bring the cause to the appellate court by a proceeding in error, even though the party might have in mind also the preservation of a proper record for review on error if the motion should be overruled and he should finally elect to proceed in the appellate court by that method. And we think it not impossible that the motion might be made for a cause which might not be available upon appeal under specifications of error, such as, for example, newly discovered evidence, too late to be included in such specifications, without necessarily expecting to pursue the remedy of error if unsuccessful. Or, pending the time for filing notice of appeal or preparation of record on appeal, the motion might perhaps be made for even that cause or some other cause not usually available without such a motion, and its overruling alleged as error by the specifications. As suggested by our rule 13 and held by several of our decisions, a motion for a new trial is not in every case essential to preserve a record for review by proceedings in error, as, for example, where the record proper discloses the error alleged, making it unnecessary to present it by motion for a new trial or preserve it by bill of exceptions. Thus it is not necessary where the sole question is the sufficiency of the petition, to which a demurrer may have been sustained and the plaintiff has stood upon the petition without pleading further and has brought the case to the appellate court upon error, or, where, as in Siebel v. Bath, 5 Wyo. 409, 40 Pac. 756, the question was purely one of law whether the judgment was sustained by the findings. This would seem to indicate that the motion for a new trial, the hearing thereon, and an order overruling it, would not necessarily consti-

tute an election of the procedure for the review of the judgment to which the motion may refer.

And so we think that filing the motion, submitting it for hearing, and excepting to an order overruling it cannot be held as an integral part of a proceeding in error. The statute provides for the commencement of such a proceeding by the filing of a petition in error, a praecipe for and the issuance of a summons in error or obtaining a service by publication if personal service cannot be obtained, unless there is a waiver of summons in error by the defendant in error; that procedure being substituted for a writ of error, which is abolished by statute. Comp. Stat. 1920, Sec. 6392; Caldwell v. State, 12 Wyo. 206, 74 Pac. 496. And many cases in this court have been dismissed because the petition in error was not filed or service obtained within the time limited for such a proceeding, thereby indicating an understanding that the proceeding had not been brought or commenced before the filing of the petition in error in the appellate court, notwithstanding the preservation of exceptions and a record thereof in the court below. See Caldwell v. State, 12 Wyo. 206, 74 Pac. 496; Lobell v. Stock Oil Co., 19 Wyo. 69, 115 Pac. 69; Iven v. Jessup, 20 Wyo. 90, 121 Pac. 1001; In Re Big Laramie River, 23 Wyo. 75, 147 Pac. 169; Barrett v. Whitmore, 28 Wyo. 495, 207 Pac. 71.

In one of the earlier decisions, Kuhn v. McKay, 6 Wyo. 466, we said:

"Whether the proceedings in error are commenced by the mere filing of petition in error, and transcript, or whether they are not to be deemed as commenced without the issuance of summons, is immaterial in the present condition of the case. We find not only the petition in error and record on file, but also a summons in error originally issued, served, and returned, all within the period of limitation, which, indeed, has not yet expired. No good reason, therefore, exists for dismissing the cause."

Mr. Chief Justice Corn, in Caldwell v. State, supra, involving a proceding in error in a criminal cause under a statute authorizing proceedings in error in criminal cases in the same manner as provided for civil causes, said that the object and purpose of the statute was to substitute the method by petition in error for that formerly in use, writ of error, which was allowable on good cause shown, by the supreme court or one of its justices, but not to prescribe the details of the procedure; reference being had for that purpose to the procedure in civil causes. Quoting, then, the provisions of the Civil code requiring first the filing of a petition in error and the issuance thereon of a summons in error, and remarking that no special rule is prescribed as to what shall constitute the commencement of such a suit, the learned judge continued:

"But the Supreme Court of Ohio, whence the various sections of our code of civil procedure were taken, hold that, while a proceeding in error is not in strictness a civil action under the code, no good reason is perceived for adopting a different rule in this class of cases from that prescribed in the code in civil actions. Decisions of that court are ordinarily authority upon these subjects in this state, and moreover, their reasoning is satisfactory to us, and we see no reason to dissent from their conclusion. * * * Under these sections, it is held by the Ohio court that the action shall not be deemed commenced until jurisdiction is obtained of the defendant and then, by relation, the action is to be regarded as commenced as at the date the writ or summons is issued, within sixty days preceding."

In Lobell v. Stock Oil Co., Beard, Chief Justice, in disposing of a motion to dismiss the proceedings in error, said:

"The statute does not prescribe what shall constitute the commencement of a proceding in error but does prescribe that it shall be by petition filed in the supreme

court, and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action. These provisions of our statute were taken from the statutes of Ohio, and the supreme court of that state, as early as the December, 1865, term, held, that while a proceeding in error is not in strictness a civil action under the code, no good reason exists for adopting a different rule in such proceedings from that prescribed by the code in civil actions.''

The court then cited and quoted from the Ohio decision of Robinson v. Orr, 16 Oh. St. 284, and referred to Caldwell v. State, supra; and the proceeding in error was dismissed for the reason that no praecipe for summons had been filed by the plaintiff in error and no summons issued within the time allowed for the commencement of proceedings in error. In Iven v. Jessup, supra, it was held that since the plaintiff in error was required by the statute to file with his petition in error an application for an order for the transmission of original papers and transcript of journal entries it was necessary to give the supreme court jurisdiction for the plaintiff in error to file his application for such papers and if the same should not be filed within the time allowed by law for commencing the proceding in error the proceeding might be dismissed. In all of these decisions it was assumed, if not directly stated, that the first act in commencing a proceeding in error is the filing of the petition in error.

Indeed, it was said by this court in Barrett v. Whitmore, supra, that a proceeding in error is in the nature of a new suit, citing, among other authorities, Levering v. Bank, 87 Ohio St. 117, 100 N. E. 322, Ann. Cas. 1913 E. 917. And the Ohio court said in that case:

''Not only was the suing out of a writ of error regarded in this state before the Code, and is yet in other states, as not a continuation of the suit to which it relates, but as the commencement of a new proceeding to review and set aside the judgment of the court below, Lessee of Taylor

v. Boyd, 3 Ohio 337; 2 Cyc. 510, but in the adoption of the code of civil procedure, writs of error and certiorari to reverse, vacate or modify judgments or final orders in civil cases were abolished; General Code, Section 12282; yet the distinction between the original action and the proceeding to reverse, vacate or modify was retained in the statute. The Code provides that: 'The proceedings to obtain such reversal, vacation or modification shall be by *petition* in error,' and that 'a summons shall issue and be served or publication made, as in the commencement of an action.' General Code, Section 12259. Of course the requirement to file a petition and that summons must be issued and served, or publication made, as in the commencement of an action, would be unnecessary and discordant, if the error proceeding were merely a continuation and transplanting of the original action in the reviewing court.''

It is obvious that the office of a motion for a new trial, so far as any appellate proceeding is concerned, is solely to preserve exceptions in the form of a proper record, for use whenever, but not until, a proceeding in error may thereafter be brought. It cannot be given the importance claimed for it in this case as a part of or as showing an election to proceed by a proceeding in error. So far as it may have indicated any intention to adopt such a procedure, it was clearly abandoned in this case before the record on appeal was completed and filed in the district court, for there is no showing that the motion was preserved by a proper bill of exceptions, which would be required on error by express provision of our rule 13 and is required for the preservation of exceptions to all motions, as shown by the several decisions of this court upon the subject.

It is further contended, and the point is made a ground for the motion to dismiss, that two of the orders extending the time for preparing and filing the record on appeal were each insufficient. The statute grants as a matter of right to an appellant the period of seventy days after the

entry of the judgment or order appealed from within which to prepare and file said record, and provides that such time may be by the court or the judge thereof extended or enlarged for cause shown. The next succeeding section (Comp. Stat. 1920 § 6405) provides that whenever the party appealing desires to review the ruling of the district court on the admission or exclusion of evidence, or questions the sufficiency of the evidence to sustain the verdict, finding, judgment or decision, or alleges that the verdict, finding, judgment or decision is contrary to law, the party appealing shall cause to be prepared by the official court reporter a complete transcript of the testimony showing the rulings of the court in admitting or excluding evidence or in directing or refusing to direct a verdict for either party, which transcript shall be certified to by said reporter as true and correct and as containing all the testimony with the rulings in admitting or excluding evidence; and that such record shall be filed with the clerk of the district court within seventy days from the entry of the order or judgment appealed from, ''or within the time as extended by the court or judge.'' Whether the last quoted words mean an extension of the time for preparing and filing the record, as we suppose, and not merely for filing the transcript, need not be determined. The time for each of said acts is precisely the same and the sections providing therefor each allows an extension of the time by the court or judge.

Such transcript is necessary in a proceeding by appeal only for the purpose of completing the record on appeal. And that record, as provided in the next succeeding section (6406) must consist of the original or certified copies of the pleadings, motions, demurrers, instructions given and refused, verdict and findings, certified copies of the journal entries, and the notice of appeal, and that, when a reporter's transcript is prepared and filed and brought up on the appeal, such transcript, with the exhibits and

documentary evidence contained therein or attached thereto as a part thereof, shall also form a part of the record on appeal. All the other material for the record, which, under Section 6406, is prepared by the clerk of the district court, will be on file and available for that purpose without any order extending time, although it is not impossible that the district court clerk might require time in addition to the seventy days for the purpose of making desired certified copies or getting together and properly arranging the several papers in order to complete the record. Yet we know that the principal cause for applications or orders for extensions in the cases which have come to this court by direct appeal has been the inability of the official reporter to get out his official transcript of the testimony within the seventy day period, or the extended period, if any, although the specific order may not have expressed that or any other matter as the cause for the extension; such orders usually mentioning only that the extension is granted for cause or good cause shown.

The first objection made to the sufficiency of the extension orders is to the second, which was granted on September 8, extending the time from September 14, the stated expiration of the time extended by the first order, to and including November 10, 1926. That order states, as it appears in the record, that the matter coming on upon the application of "defendants" for an order extending the time within which to prepare and file a record of appeal, and just cause having been shown, it is ordered "that the time within which the defendants may prepare and file record on appeal    *    *    be and the same is hereby extended to and including the 10th day of November, 1926." But the defendants had not filed any notice of appeal, nor, so far as the record shows, announced any intention to do so, and the time for so doing or for preparing any such record by the "defendants"

would have expired before the date of the order now being considered. Such order, therefore, if alone applicable to the defendants and intended only to extend time for them, would have been nugatory. Clearly, it was not intended to apply to the defendants, but to further extend the time granted to the plaintiff, which was about to expire. And it was evidently relied upon as an extension for the plaintiff, and no doubt the court so understood it. We think it should be so construed. And if necessary, which we think is not the case, the record might be returned to the district court to allow an amendment of the order to conform to the facts to be followed by an amendment of the record on appeal by the insertion of the corrected order.

There was another extension plainly stating that it was upon the application of the plaintiff and granting plaintiff time for preparing and filing the record on appeal to and including November 15, 1926; that order appearing to have been made on October 29, prior to the expiration of the last preceding extension order. That is not objected to except so far as it is claimed to be invalidated by the imperfection of the last preceding order, but the final order, which extended the period to and including January 12, 1927, within which period the record was filed in the court below, is objected to and upon the ground that it appears by the order that it was made upon the oral motion of the official court reporter of said judicial district. The order in that respect recites that the matter coming on to be heard, "upon the oral motion of H. A. McCraken, official court reporter of the 8th judicial district of Wyoming, for an order extending time within which to prepare and file record on appeal of plaintiff, because said court reporter will not be able to finish his transcript of evidence in said cause in time for plaintiff to prepare said record on time, within the time allowed, it is therefore ordered that the time within which the

plaintiff may prepare and file his record on appeal in said cause be, and the same is hereby, extended to and including the 12th day of January, 1927.'' The argument is that the application must be made by the plaintiff or his counsel. But the statute is not so strictly confined as that. It does say that the extension order may be made for cause shown, but it does not prescribe, in so many words at least, that it can be granted only upon an application by the appealing party, though no doubt that is usually the procedure. We think the order would have been sufficient if it had omitted the first paragraph stating that the matter was heard upon the oral motion of the official court reporter. The court having granted the time, it would be assumed, without stating the fact, that it was granted ''for cause shown.'' But we see no reason why it may not be understood and construed as meaning that the court reporter, whose duty it was to prepare the transcript upon request of the appealing party, appeared and obtained the order in the latter's behalf. Nor do we see any substantial reason why the court might not have recognized the situation and have made the order even in the absence of the plaintiff, upon the suggestion of the court reporter as to the time necessary for completing his transcript. Nothing would seem clearer than that the court reporter was appearing on behalf of the plaintiff as well as himself to obtain the time necessary for the performance of his duty in connection with the proceedings for the appeal, and to obtain an extension of the time for preparing and filing the record so that he could perform the duty required of him by the statute and thereby enable the plaintiff to have the benefit thereof, which might otherwise have been lost. We think it must be held that the objection is not well taken.

There was another objection presented by motion and brief with reference to the service of the specifications of error, but which, upon the filing of an affidavit in this court

by the attorney for the respondents stating the facts upon which he claimed service to have been made, was, as we recall, withdrawn by counsel for respondents at the time of the hearing.

*Motion to Dismiss Denied.*

BLUME, Ch. J., and KIMBALL, J., concur.